THE STATE OF OHIO, APPELLEE, *v.* ROBERTS, APPELLANT.

(No. C-810626—Decided July 14, 1982.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. Frank H. Prouty, Jr.,* for appellee.

*Mr. Christopher T. Laber,* county public defender, for appellant.

BLACK, J. The single issue is whether disorderly conduct under R.C. 2917.11

(A)(1)[1] is a lesser included offense of assault under R.C. 2903.13(A).[2] It is a question of first impression. We hold that disorderly conduct is a lesser included offense.

Defendant-appellant, Paul R. Roberts, was charged in the complaint with knowingly causing physical harm to Michael Auwbrey in violation of R.C. 2903.13(A). After a non-jury trial, the court found him not guilty of that violation but guilty of a violation of R.C. 2917.11(A)(1). His single assignment of error is that this was contrary to law because disorderly conduct is not a lesser included offense of assault. The assignment of error has no merit.

In *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 384 [18 O.O.3d 528], the Supreme Court set forth three criteria that must be met concurrently for an offense to be a lesser included offense of another, as follows:

"* * * (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed[3] and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

Furthermore, conviction of the lesser offense must be supported by the facts. The evidence must be such that the trier of facts "could reasonably find against the state and for the accused on one of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense." *Id.* at 388. In that event, the trier of fact may convict the defendant of the lesser included offense. *State* v. *Nolton* (1969), 19 Ohio St. 2d 133 [48 O.O.2d 119].

We hold that the conviction of disorderly conduct in the instant case meets all the foregoing tests and that it was not contrary to law.

First, disorderly conduct is a crime of lesser degree than assault because it is a minor misdemeanor whereas assault is a misdemeanor of the first degree.

Second, assault cannot be committed without also committing disorderly conduct as defined in R.C. 2917.11(A)(1). A person cannot knowingly cause or attempt to cause physical harm to another without at the same time causing him "inconvenience, annoyance or alarm" by threatening harm or by engaging in violent or turbulent behavior.

Third, an element of assault is not required to prove disorderly conduct; that is, the element of causing physical harm or attempting to cause it need not be proved in order to convict an accused of disorderly conduct. There need be no actual physical contact causing physical harm, nor any conduct that if successful would have caused physical harm. Disorderly conduct is committed when the accused, without doing physical harm, causes inconvenience, annoyance or alarm by threats of harm or by violent or turbulent behavior.

---

[1] R.C. 2917.11(A)(1) reads in pertinent part:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;"

[2] R.C. 2903.13(A) reads:

"(A) No person shall knowingly cause or attempt to cause physical harm to another."

The complaint charged the appellant "did knowingly *cause* physical harm to Michael Auwbrey." (Emphasis added.)

[3] Paragraph two of the syllabus of *State* v. *Hreno* (1954), 162 Ohio St. 193 [55 O.O. 97], reads:

"An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment."

Finally, the evidence in the instant case, even though it was conflicting, was sufficient to permit a reasonable mind to conclude beyond a reasonable doubt that appellant aggressively joined in a fight that broke out between two softball teams (after the Western Hills Eagles had beaten the Western Gardens 13 to 10), as the result of some ill-defined prior confrontation between the players. A trier of fact could have found that appellant struck out at Auwbrey several times, encouraged his teammates to engage in the melee, and dared every opposing player within hearing to fight.

In our judgment it is not significant that the common elements of these two offenses were not stated in identical language in the statutes, because these common elements are implicit in the conduct that constitutes the offenses. The courts have not required an express inclusion of the lesser offense in the definition of the greater. For example, a simple assault can be a lesser included offense of murder or manslaughter, when the evidence fails to prove that the injury inflicted by the defendant caused the victim's death, even though the murder statute does not mention assault or physical harm. *Marts* v. *State* (1875), 26 Ohio St. 162. Nor is it significant, in our judgment, that the assault statute is found in a Revised Code chapter entitled "Homicide and Assault" while disorderly conduct is in a chapter entitled "Offenses Against the Public Peace." That metaphysical difference pales before the factual relationship between the actual physical harm and either the threat of harm or violent behavior. We believe the two offenses *sub judice* are "of the same general character." *State* v. *Kuchmak* (1953), 159 Ohio St. 363, 368 [50 O.O. 327].

The trial court *sua sponte* amended the complaint after hearing all the evidence relying on Crim R. 7(D). See R.C. 2941.30. We find no error in this unusual procedure, because the amendment resulted in a charge of a lesser included offense, as is allowed under Crim. R. 31(C). See R.C. 2945.74.

We affirm.

*Judgment affirmed.*

SHANNON, P.J., and PALMER, J., concur.