CITY OF BUCYRUS, APPELLEE, *v.* FAWLEY, APPELLANT.

(No. 3-86-22—Decided October 12, 1988.)

*Stanley Flegm,* prosecuting attorney, and *Lee Oldendick,* for appellee.

*John L. Spiegel,* for appellant.

COLE, J. This is an appeal by the defendant, Mitchell Fawley, for a conviction and sentence of the Municipal Court of Crawford County for domestic violence.

The complainant, Audra Fahl, and the defendant lived together as husband and wife. She filed a complaint against the defendant for domestic violence after an incident that occurred at their residence on July 4, 1986.

A jury trial was held on August 8, 1986 and the defendant was found guilty of violating the city of Bucyrus Codified Ordinances Section 537.14

which is identical to R.C. 2919.25. The defendant was sentenced to thirty days in the county jail with twenty days being suspended.

It is from this conviction and sentence that the defendant now appeals, asserting three assignments of error. The first assignment of error is stated as follows:

"The trial court erred in failing to give the requested jury instruction regarding the presumption of innocence, in violation of *Taylor* v. *Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L. Ed. 2d 468."

The defendant, relying upon *Taylor* v. *Kentucky* (1978), 436 U.S. 478, asserts that the trial court committed error by failing to instruct on the presumption of innocence.

The instruction which was given by the trial court states that "You must bear in mind that the Defendant is presumed to be not guilty of the charge against him until and if the City can prove by legal and competent evidence the guilt of the Defendant beyond a reasonable doubt."

In *Taylor, supra,* the court stated at 485-486:

"* * * While use of the particular phrase 'presumption of innocence' — or any other form of words — may not be constitutionally mandated, the Due Process Clause of the Fourteenth Amendment must be held to safeguard 'against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt.' *Estelle* v. *Williams, supra* [425 U.S.] at 503. * * *"

One year after *Taylor, supra,* the court was faced with this issue again in *Kentucky* v. *Whorton* (1979), 441 U.S. 786. In *Whorton, supra,* the court stated at 789:

"* * * [T]he failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under *Taylor,* such a failure must be evaluated in light of the totality of the circumstances — including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors — to determine whether the defendant received a constitutionally fair trial."

Therefore, we find that the trial court's instruction was sufficient to satisfy *Taylor* v. *Kentucky, supra,* as limited by *Kentucky* v. *Whorton, supra.* See *Bucyrus* v. *Surgener* (July 18, 1988), Crawford App. No. 3-87-13, unreported. The assignment of error is not well-taken.

The second assignment of error is stated as follows:

"The trial court erred in excluding the issue of self-defense from the consideration of the jury."

A trial court is not required to instruct the jury on self-defense in every case where it is attempted to be presented. The defendant must first present sufficient evidence at trial to warrant such an instruction. In *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, 1 O.O. 3d 61, 351 N.E. 2d 88, the court stated at 110-113, 1 O.O. 3d at 65-66, 351 N.E. 2d at 93-95:

"* * * In order to raise an affirmative defense, which is now statutorily defined as either 'a defense expressly designated as affirmative' or 'a defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence' (R.C. Section 2901.05[C]), evidence of a nature and quality sufficient to raise the issue must be introduced, from whatever source the evidence may come. The procedural steps to be taken by the trial court are well stated in *State* v. *Millett, supra* (273 A. 2d at 508):

"'* * * When such evidence is forthcoming the trial court must first, viewing that evidence in the light most favorable to the defendant, determine

whether or not it is adequate to raise the self-defense issue, and, if believed, would under the legal tests applied to a claim of self-defense permit a reasonable doubt as to guilt, stemming from that claim, to arise. * * * *If the evidence adduced, so viewed, is legally insufficient to raise the issue, the trial court will have no occasion or obligation to instruct the jury on the elements essential to a valid claim of self-defense, but rather will remove the issue of self-defense from jury consideration.'"* (Emphasis added.)

After a complete review of the record we find that the evidence presented by the defendant was insufficient to raise the affirmative defense of self-defense. The defendant's own testimony as to the events that occurred on July 4, 1986 clearly illustrates that he was the aggressor and did not act in self-defense.

The defendant stated:

"Q. Okay now was it your testimony you did in fact slap her in the face?

"A. Yes.

"Q. What happened immediately prior to that?

"A. Before I slapped her?

"Q. Yeah I want what happened up to there, from the time she returned to the property and you returned to the property what happened from there on?

"A. I told her there was money in the house, to lock the house.

"Q. Speak up please.

"A. There was $150.00 in the apartment. I told her she had to take it with her or lock the house you know and I had both keys. I came back and asked where she had been, she said it was none of my business and this got me a little upset. We went in the house, sat down, started to eat. She started to antagonize me.

"Q. Could you describe what you mean?

"A. She ah, I don't know, uh,

harassing me by things that she was saying.

"Q. What kind of things?

"A. I was no good, lazy, my back wasn't really messed up, that it was a big act.

"Q. What else happened?

"A. I stood up and told her to leave me alone or I would smack her, she didn't so I smacked her."

Therefore, the trial court properly found the evidence insufficient to warrant an instruction on self-defense and removed the issue from jury consideration. The assignment of error is overruled.

The third assignment of error is stated as follows:

"The trial court erred in failing to instruct the jury on the lesser included offense of disorderly conduct by fighting."

The defendant was charged with violating a codified ordinance of the city of Bucyrus, the provisions of which are identical to the provisions of R.C. 2919.25. The record in this case contains no information concerning the wording of other Bucyrus ordinances which define the crime of "disorderly conduct by fighting." Thus, we must analyze this assignment by using comparable provisions of the Revised Code.

R.C. 2919.25, the domestic violence statute, as effective on the date of the offense, states in pertinent part:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

"(B) No person shall recklessly cause serious physical harm to a family or household member.

"* * *

"(D) As used in this section and section 2919.26 of the Revised Code:

"(1) 'Family or household member' means a spouse, [or] a person living as a spouse * * *.

"* * *

"(2) 'Person living as a spouse' means a person who is living in a common law marital relationship or who is otherwise cohabitating with another." (140 Ohio Laws, Part II, 4152-4153.)

R.C. 2917.11(A)(1), the disorderly conduct statute, states in pertinent part:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1) Engaging in fighting * * *."

Recently, the Ohio Supreme Court set forth the test to determine when an instruction on a lesser included offense is warranted. In *State* v. *Kidder* (1987), 32 Ohio St. 3d 279, 513 N.E. 2d 311, the court reiterated and clarified the rules of law set forth in *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, 48 O.O. 2d 119, 249 N.E. 2d 797, and *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 18 O.O. 3d 528, 415 N.E. 2d 303. The *Kidder* court stated at 282-283, 513 N.E. 2d at 315:

"* * * [T]he entire lesser-included-offense analysis, for purposes of R.C. 2945.74, is as follows: an offense may be a lesser included offense of another only if (i) the offense is a crime of a lesser degree than the other, (ii) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. Even though so defined, a charge on the lesser included offense is not required, unless the trier of fact could reasonably reject an affirmative defense and could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense."

The elements under R.C. 2919.25 are knowingly or recklessly causing physical harm to a family member; the elements under R.C. 2917.11(A)(1) are recklessly causing inconvenience, annoyance, or alarm by fighting (our analysis of disorderly conduct will be limited to fighting only since this is all the appellant raises). A violation of R.C. 2919.25 is a first degree misdemeanor where a violation of R.C. 2917.11(A)(1) is a minor misdemeanor. Therefore, the offense is a crime of a lesser degree than the other.

Domestic violence can occur without disorderly conduct by fighting. The defendant directs our attention to *State* v. *Roberts* (1982), 7 Ohio App. 3d 253, 7 OBR 333, 455 N.E. 2d 508, where the court held that disorderly conduct is a lesser included offense of assault. It shall be noted that the domestic violence and assault statutes are identical except in domestic violence the harm must be against a family or household member. The court stated at 254, 7 OBR at 334, 455 N.E. 2d at 510:

"* * * [A]ssault cannot be committed without committing disorderly conduct as defined in R.C. 2917.11(A)(1). A person cannot knowingly cause or attempt to cause physical harm to another without at the same time causing him 'inconvenience, annoyance or alarm' by threatening harm or by engaging in violent or turbulent behavior."

However, the *Roberts* court did not state that a person could knowingly cause or attempt to cause physical harm to another without at the same time causing inconvenience, annoyance or alarm by fighting. This is the defendant's argument.

The defendant requested an instruction of disorderly conduct by fighting as a lesser included offense of domestic violence. But there can be domestic violence without fighting

although it cannot occur without a threat of harm or by engaging in violent or turbulent behavior. Therefore, we find the greater offense of domestic violence can occur without the lesser offense of disorderly conduct by fighting.

To prove the lesser offense you need not prove the elements of physical harm to a family or household member which are elements needed to prove domestic violence.

The trier of fact can reasonably reject an affirmative defense, as we previously found under assignment of error two, but cannot reasonably find against the state on any of the elements of domestic violence.

By the defendant's own admissions he proved all of the elements of the crime charged. He admitted more than once that he slapped the complainant twice and that the two lived together as husband and wife. Also, from the defendant's testimony, which was previously stated under the second assignment of error, he knowingly slapped the complainant. It was not accidental.

The trier of fact could reasonably find for the state on all of the elements of domestic violence and could not find for the accused on any elements. Therefore, an instruction on the lesser included offense of disorderly conduct by fighting could not be had.

A criminal defendant is not automatically entitled to an instruction on a lesser offense but rather only when the evidence warrants it. *Kidder, supra,* at 280, 513 N.E. 2d at 314. It would be improper for a trial court to charge on a lesser offense when the jury could not reasonably find against the state on an element of the crime. *State* v. *Kilby* (1977), 50 Ohio St. 2d 21, 25, 4 O.O. 3d 80, 82, 361 N.E. 2d 1336, 1338.

In this case the defendant admitted twice slapping the complainant. In light of this admission no jury could reasonably conclude he did not strike her. Also, he stated that the complainant lived with him as a spouse so no jury could reasonably conclude she was not.

Therefore, the significant elements distinguishing the offenses are established beyond any reasonable doubt by the in-court admissions and, as a result, the charge on any lesser included offense would merely constitute an invitation for an unreasonable compromise by the jury.

Either the defendant truthfully testified as to his actions or he did not; this is an issue of credibility for the jury to determine. But if he did tell the truth and the jury so determined, then he was guilty of the crime charged and not some asserted lesser offense.

Therefore, the trial court did not commit any error by not instructing the jury on a lesser included offense since the evidence presented did not warrant such an instruction. The assignment of error is not well-taken.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.