## State v. Williams
*[Cite as 2 AOA 655]*

Case No. 88-G-1483
Geauga County, (11th)
Decided April 13, 1990

5th Amend. U.S. Const.
R.C. 2903.02
R.C. 2917.11
R.C. 2923.02

*David P. Joyce, Esq., Prosecuting Attorney.*

*Dennis M. Coyne, Esq., Assistant Prosecuting Attorney, Courthouse Annex Chardon, Ohio 44024, For Plaintiff-Appellee.*

*Paul A. Newman, Esq., 214 East Park Street, Chardon, Ohio 44024, For Defendant-Appellant.*

MAHONEY, J.

On March 27, 1988, appellant, Joseph Williams, became involved in a fight at the Middlefield Tavern. The police cited appellant for disorderly conduct in violation of Middlefield Ordinance 509.03(a)(1) which states:

"(a) No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior; ***."

On March 31, 1988, a complaint was filed by Sgt. Malliski of the Middlefield Police Department against appellant for attempted aggravated murder in connection with the incident at the Middlefield Tavern on March 27, 1988. Appellant was arrested, posted bail, and was released.

On April 11, 1988, appellant made his initial appearance before the Chardon Municipal Court on the disorderly conduct charge. He pled no contest, was found guilty, and fined. He paid the fine.

On April 27, 1988, appellant was indicted for attempted murder by the Geauga County Grand Jury for his participation in the fight at the Middlefield Tavern. He subsequently pled not guilty.

On July 27, 1988, appellant filed a motion to dismiss based on double jeopardy. He asserted that disorderly conduct is a lesser included offense of attempted murder and, therefore, his conviction for disorderly conduct was a bar, based on double jeopardy, to further prosecution.

Following a hearing, the trial court denied appellant's motion to dismiss based on the authority of *Ohio* v. *Johnson* (1984), 467 U.S. 493, and it specifically found that disorderly conduct is not a lesser included offense of attempted murder.

Appellant timely filed a notice of appeal from that decision, assigning the following as error:

"The trial court erred in overruling the defendant's motion to dismiss founded on a claim of double jeopardy."

Appellant argues that his motion to dismiss the attempted murder charge should have been granted based on double jeopardy. He claims that disorderly conduct is a lesser included offense of attempted murder and, therefore, his plea to disorderly conduct barred the subsequent indictment for attempted murder.

Appellant is correct in his assertion that a conviction of a lesser included offense prohibits prosecution of the greater offense. *Brown* v. *Ohio* (1977), 432 U.S. 161. The critical issue in the present case, therefore, is whether disorderly conduct is a lesser included offense of attempted murder.

The test to determine if an offense is a lesser included offense was set forth by the Ohio Supreme Court in *State* v. *Kidder* (1987), 32 Ohio St. 3d 279. The court held that an offense could only be lesser included if:

"*** (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.***" *Id.* at 282.

It is clear that the first and third prongs of the test are met in the case *sub judice*. Disorderly conduct is a minor misdemeanor whereas attempted murder is a first degree felony. In addition, it is necessary to prove that a person had engaged in conduct which, if successful, would have caused the death of another in order to find that person guilty of attempted murder. See R.C. 2903.02 and

2923.02. The element of conduct which, if successful, would cause death is not present in the disorderly conduct ordinance in question.

The second prong of the test, however, is not met by the offenses in question in the instant cause. The second prong would require that attempted murder, as statutorily defined, could not be committed without disorderly conduct also being committed. This is clearly not the case. To be guilty of annoyance, or alarm to others. It is not a prerequisite to attempted murder for the potential victim to even know that he or she is in danger. The statute focuses on the intent and actions of the perpetrator, not the victim. The second prong of the *Kidder* test is not met and, therefore, disorderly conduct is not a lesser included offense of attempted murder.

Although the trial court found no double jeopardy violation based on the United States Supreme Court decision in *Ohio* v. *Johnson* (1984), 467 U.S. 493, and on its conclusion that disorderly conduct is not a lesser included offense of attempted murder, it is clear that it is not necessary to reach the issue raised in *Johnson, supra.* Once it has been decided that one offense is not a lesser included offense of the other, then there is no double jeopardy violation.

*Johnson, supra,* involved the question of whether a defendant who was indicted on four counts at the same time, and who pled guilty to two of the counts which were clearly *lesser included offenses* of the remaining two counts, could nonetheless be tried on the greater offenses. In deciding the present case, it is not necessary to address the issue raised in *Johnson, supra,* because disorderly conduct is not a lesser included offense of attempted murder.

Additionally, this court notes that appellant's counsel offered further authority to support his cause during oral arguments, namely, a Court of Appeals for Clermont County decision captioned *State* v. *Kassen* (1984), 20 Ohio App. 3d 323. This court has reviewed said case and finds it to be unpersuasive.

For the foregoing reasons, the trial court was correct in denying appellant's motion to dismiss because disorderly conduct is not a lesser included offense of attempted murder.

Appellant's assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., Concurs
FORD, J., concurs with Concurring Opinion

FORD, J.
While I agree with the conclusion reached by the majority opinion that disorderly conduct is not a lesser included offense of attempted murder, I am impelled to provide further discussion as to the complicated legal analysis necessary to reach the majority's findings.

As the majority notes, the test for determining whether one offense is a lesser included offense of another was set forth in *Kidder, supra.* To reiterate, this test states:
"An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree, as statutorily defined, also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." (Citations omitted.) *Kidder* at paragraph one of the syllabus.

Further, as the majority also notes, the question of whether a conviction of a lesser included offense prohibits prosecution of the greater offense was addressed by the United States Supreme Court in *Brown, supra.*

In *Brown,* the petitioner was originally convicted for the crime of "joyriding." After serving his original sentence, petitioner was then indicted by another jurisdiction for grand theft, based on the same facts as the original prosecution. The court stated the subsequent charges against the petitioner were barred by the Double Jeopardy Clause since the petitioner had been previously convicted in a separate proceeding of joyriding, a lesser included offense of auto theft.

The scenario present in *Brown,* where the charges filed against a defendant are presented in two separate indictments, was distinguished by the court from the factual setting of *State* v. *Johnson* (1984), U.S. 1224, in which the defendant is confronted with a single indictment containing multiple charges. The court in *Johnson, supra,* stated that a defendant's right to be free from double jeopardy is not violated when she/he pleads guilty to the lesser included offenses contained in a multiple count indictment and is then tried on the greater offenses.

Consequently, the first analytical step a court must take, when confronted with the

argument that conviction of a lesser included offense bars a trial for the greater offense, is to determine whether the facts of the case in question fall into the *Brown* or the *Johnson* patterns. In the case *sub judice*, appellant was cited, originally, solely for disorderly conduct, pursuant to the Middlefield ordinance. The indictment for attempted aggravated murder came later and separately, thus, effectively removing this case from the dictates of *Johnson*.

This court must therefore investigate whether the crime of disorderly conduct is a lesser included offense of attempted murder. Although not addressed by the majority, appellant directs this court's attention to *State v. Roberts* (1982), 7 Ohio App. 3d 253, in support of his proposition that disorderly conduct is a lesser included offense of attempted murder, which would, under *Brown*, bar the court from trying appellant for the second offense. In *Roberts*, the First Appellate District held that disorderly conduct was a lesser included offense of assault. (*Roberts* examined the state statutory crime of disorderly conduct, R.C. 2917.11(A)(1), rather than the Middlefield analogue. However, both statutes are functionally identical for the puposes of our analysis.) The rationale behind the *Roberts* holding was that disorderly conduct was a crime of a lesser degree than assault (a minor misdemeanor as opposed to a first degree misdemeanor), a person could not knowingly cause or attemtp to cause physical harm to another without "inconvenience, annoyance or harm," and the requirement of actually causing physical harm is not necessary to prove disorderly conduct. *Id.* at 334.

Appellant, in the case *sub judice*, argues that pursuant to *Roberts*, if disorderly conduct is a lesser included offense of assault, and assault is a lesser included offense of murder (and, presumably, attempted murder), then disorderly conduct should, by extension, be found to be a lesser included offense of attempted murder. Appellant's argument is creative, but ultimately unavailing. The reason that appellant's argument is not convincing lies in the subsuming, in the statutory crime of assault, of two different common law crimes: assault and battery.

Although, under Ohio law, the only recognized crimes are statutory, the intent of the drafters of R.C. 2903.13 was to "[probihit] simple assault and simple battery in the traditional [common law] sense." Committee note to R.C. 2903.13. At common law, criminal assault was a display of force that would give the victim reason to fear or expect immediate bodily harm. This crime is different from the crime of battery, in that battery, technically defined, requires physical contact of some sort, whereas assault does not.

Consequently, when considering the issue of whether disorderly conduct is a lesser included offense of attempted murder, this court must consider whether disorderly conduct is a crime of lesser degree than attempted murder; whether attempted murder can be committed without committing disorderly conduct; and whether there is an element of attempted murder which is not required to prove the commission of disorderly conduct. Accord, *Kidder*. As the majority notes, clearly disorderly conduct, a minor misdemeanor, is a crime of a lesser degree than attempted murder, a first degree felenoy. Further, the state can prove disorderly conduct without demonstrating that the perpetrator attempted to kill the victim.

The analytical difficulty that lies in construing disorderly conduct as a lesser included offense of attempted murder comes in construction of the second tenet of the *Kidder* test. Under *Kidder*, disorderly conduct can only be considered a lesser included offense of attempted murder if, using the statutory constructions of both crimes, one could not commit attempted murder without also committing disorderly conduct. The phrase "as statutorily defined" implies that the elements of the crimes in question are not merely similar but are substantially identical.

In order to show that a defendant is guilty of attempted murder, the state must show that the defendant purposely or knowingly engaged in conduct which, if successful, would constitute murder. R.C. 2923.02(A). Disorderly conduct, as defined in the Middlefield ordinance, is engaging in fighting, threatening harm to persons or property, or in violent or turbulent behavior which would cause the victim, upon apprehending such behavior, to be inconvenienced, annoyed or alarmed. In the disorderly conduct ordinance, the state must not only prove that the defendant acted offensively, but also that the victim witnessed the behavior and was inconvenienced, annoyed, or alarmed by it. There is no concomitant necessity to show that the victim was aware of the crime being committed in the statutory murder statute and, in fact, the victim may be totally unaware that someone is trying to kill him/her.

Applying the rationale of *Kidder* by analogy, it would appear that there is a

requirement that the victim be aware of the impending danger of physical attack in the crime of technical assault. Consequently, someone who is committing the crime of technical assault must also, by extension, commit the crime of disorderly conduct. In a completed assault (common law battery), the victim does not have to be aware of the offensive touching in order for the crime of battery to be committed. However, the assault, once completed, would not be a greater offense, under the *Kidder* test, of disorderly conduct.

The Ohio Supreme Court, in *Kidder*, utilized analysis similar to the case at bar in holding that aggravated menacing, R.C. 2903.21, is not a lesser included offense of attempted murder. The court stated:

"*** [M]urder can be committed without the victim's being aware of impending serious physical harm [as opposed to aggravated menacing, which requires that the victim be aware that the perpetrator intend to cause harm to the victim, the victim's property, or the victim's immediate family]. Thus, the second prong of the statutory-elements test is not met, and no set of facts adduced at trial would have warranted a charge to the jury on the lesser, but not included, offense of aggravated menacing. ***" *Kidder* at 283.

The absence of an awareness element in the statutory crime of attempted murder similarly bars this court from finding that disorderly conduct is a lesser included offense of attempted murder. It is for this reason that the holding in this case must be explicitly distinguished from *Roberts.* As a result, the appellant may be tried for attempted murder irrespective of having previously been convicted of disorderly conduct.

Therefore, for the foregoing reasons, I concur.