Defendant-appellant, Helena Combs, appeals her conviction in the Jefferson County Court of Common Pleas on one count of felonious assault.
On July 11, 1997, appellant went to 505 Ohio Street in Steubenville where Jean West, the victim, was staying to confront West about a rumor that she was supposedly spreading about appellant. West went outside to see what appellant wanted and appellant told her about the rumor. The conversation became argumentative and appellant testified that she was afraid that West was going to harm her. Appellant testified that she looked on the ground and saw a piece of a razor which she picked up and used to slash West's face. Appellant and West then engaged in a physical altercation until it was broken up by two other individuals.
West was taken to Trinity East Hospital and was then transferred to a plastic surgeon at Wheeling Hospital. Dr. Marjorie Bush testified that West suffered a thirteen-centimeter laceration on her face that required stitches and would leave a permanent scar.
A jury found appellant guilty of felonious assault in violation of R.C. 2903.11 (A) (2), and on November 6, 1997, the trial court entered its judgment and sentenced appellant to three years imprisonment. Appellant filed her notice of appeal on November 17, 1997.
Appellant's first assignment of error states:
 "Did the State of Ohio ever establish the Element of Venue beyond a reasonable doubt in the Trial Court?"
Appellant argues that plaintiff-appellee, the State of Ohio, did not establish venue beyond a reasonable doubt. She asserts that neither Jefferson County nor the State of Ohio was mentioned in the transcript and that there were no facts presented to prove that the crime took place in Jefferson County, Ohio.
In the case of In re Hackathorn (Dec. 15, 1998), Belmont App. No. 97 BA 29, unreported, 1998 WL 896468 at *2, this court expressed the rules for venue as follows:
 "Upon the question of venue, the Ohio Supreme Court has long held that venue need not be proven in express terms provided it is established by all facts and circumstances, beyond a reasonable doubt, that the crime was committed in the county and state alleged. State v. Gribble (1970), 24 Ohio St.2d 85, 90. This court has previously held that "the trial court has broad discretion to determine the facts which would establish venue.' State v. Shuttleworth (1995.), 104 Ohio App.3d 281, 286. Furthermore, venue is not a material element of the offense charged. State v. Anderson (1989), 57 Ohio App.3d 108, 109. The elements of the offense charged and the venue of the matter are separate and distinct. Id."
Errors which arise during the course of a trial which are not brought to the attention of the trial court by objection or otherwise are waived and may not be raised on appeal, unless such errors rise to the level of plain error. State v. Napier (1995),105 Ohio App.3d 713, 722. Appellant never raised the issue of venue in the trial court. Since appellant did not raise and preserve the issue of venue, it is considered waived for appellate purposes.
However, even if appellant properly raised the issue of venue, the result would be the same. In State v. Cochran (Aug. 20, 1990), Columbiana App. No. 88-C-13, unreported, 1990 WL 121871 at *2, this court held that when a witness testifies about a specific location without giving the name of the county, judicial notice may be taken that the location is in a particular county.
In the present case, appellee established venue by the witnesses' testimony. During direct examination Detective John Lelless testified as follows:
 "Q Detective Lelless, did you have occasion to investigate an incident involving the Defendant Helena Combs?
"A Yes.
 "Q Can you tell us how the investigation came about and what happened?
 "A On the 11th day of July, this year, at approximately eleven minutes after 1, we were called to the 500 block of Ohio Street here in the City of Steubenville in regards to a woman that had been injured or stabbed." (Tr. 60)
Detective Lelless testified that the crime took place in Steubenville. Therefore, this was proof that it occurred in Jefferson County. Furthermore, other witnesses testified about where the offense took place. West and Jermaine Thompson, a witness, both testified that the incident happened at 505 Ohio Street. Also, appellant testified that she lived at 1409 Pennsylvania Avenue and that she had lived in Steubenville most of her life. She further testified that 505 Ohio Street was right around the corner from her house. This testimony leads to the conclusion that 505 Ohio Street is also in Steubenville. Since the trial court has broad discretion as to what it takes to establish venue, the evidence presented at trial was sufficient to prove that the offense was committed in Jefferson County, Ohio.
Consequently, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "Should the Court have instructed the jury on self-defense?"
Appellant argues that the trial court should have given the jury an instruction on self-defense. She claims that she knew West had a propensity for violence and that West had pulled a razor on her in the past. Appellant claims that the confrontation with West turned violent and that she knew West was stronger than she was so she picked up the razor from the ground. Appellant argues that because she believed West was going to attack her, she acted in self-defense by cutting her with the razor.
Under Crim.R. 30 (A), a request for a special instruction must be made in writing, and any objection to the failure of the trial court to give such an instruction must be made before the jury is dismissed to deliberate. State v. Franklin (1991), 62 Ohio St.3d 118,128, citing State v. Underwood (1983), 3 Ohio St.3d 12. The failure to object constitutes waiver, unless plain error can be proved. Id. Plain error exists where, but for the error, the outcome of the trial would have been different. Id.
In the present case, there is no indication on the record that appellant asked for a self-defense instruction, nor that she objected to the failure by the court to give such an instruction. Moreover, there is no evidence of plain error. Therefore, the request for a self-defense instruction is considered waived.
Furthermore, had appellant requested a self-defense instruction, the outcome would remain the same. The case of Statev. Jackson (1986), 22 Ohio St.3d 281, set out the elements of self-defense as follows: (1) the defendant was not at fault in creating the situation that gave rise to the offense; (2) the defendant had a bona fide belief that he was in imminent danger of great bodily harm and that his only means of escape was by use of force; and (3) the defendant did not violate any duty to retreat or to avoid the danger. Id. at 283.
The court in Bucyrus v. Fawley (1988), 50 Ohio App.3d 25, stated that the trial court is not required to instruct the jury on self-defense every time it is attempted to be presented. Id.
at 26. The defendant must first present sufficient evidence at trial to warrant the instruction on self-defense. Id.
In the case at bar, appellant did not present sufficient evidence to demonstrate that she was not at fault in creating the situation that gave rise to the offense. Appellant was at fault in creating the situation that gave rise to the affray. She purposely went to see Ms. West to confront her and to "beat her up." Appellant took it upon herself to initiate the fight by cutting West with a razor. Since appellant failed to present adequate evidence to suggest that she acted in self-defense, the trial court properly refrained from instructing the jury on self-defense.
Therefore, appellant's second assignment of error is without merit.
The decision of the trial court is hereby affirmed.
Cox, J., concurs
Vukovich, J., concurs
APPROVED:
 __________________________ Gene Donofrio Judge