OPINION
Defendant-appellant, Steven J. Badurik, appeals his conviction in the Mahoning County Court No. 4 on a single count of assault, in violation of R.C. 2903.13 (A).
The events giving rise to appellant being charged with assault took place on April 6, 1997. Saed Atway and his girlfriend, Rhonda Altalosh, went to a nightclub known as the Silver Dollar, located in Austintown Township, Mahoning County, Ohio. At closing time, Atway, Altalosh, and appellant began to exit the club. As they were exiting the club, appellant made some comments to Altalosh which she found to be offensive. In response, Atway threatened to break appellant's jaw. Appellant responded by punching Atway in the mouth, knocking out his two front teeth.
On April 9, 1997, Atway signed a criminal complaint charging appellant with assault. Specifically, Atway alleged that appellant knowingly caused or attempted to cause physical harm to him. The case proceeded to a bench trial on January 22, 1998.
At trial, appellant acknowledged striking Atway in the face, but claimed that it was in self-defense. In addition to the threat by Atway, appellant also claimed that Atway shoved him. Atway admitted to threatening appellant, but denied shoving him. Other witnesses testified that they saw Atway shove appellant.
At the conclusion of the trial, the trial court found that appellant had not established self-defense and found him guilty of assault. On May 14, 1998, the court sentenced appellant to a 30 day suspended jail sentence and a $250 fine plus costs, $150 of which was suspended. The court also placed appellant on 12 months of probation, ordered him to have no contact with Atway, and ordered appellant to make restitution and pay Atway's medical bills. Pursuant to appellant's request, the court issued findings of facts and conclusions of law. This appeal followed.
In appellant's first assignment of error, he maintains that the trial court's verdict is erroneous since the weight of the evidence established that he acted in self-defense.
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "Weight of the evidence concerns `the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasis sic.). In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial.Id., at 390 (Cook, J., concurring).
Self-defense is an affirmative defense in Ohio and the criminal defendant must demonstrate the appropriate elements of that defense by a preponderance of the evidence. State v. Seliskar
(1973), 35 Ohio St.2d 95, 96; State v. Poole (1973), 33 Ohio St.2d 18,19-20. In order to establish self-defense, the criminal defendant must show (1) that he was not at fault in creating the situation giving rise to the affray, (2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force, and (3) that he did not violate any duty to retreat or avoid the danger. State v. Robbins (1979), 58 Ohio St.2d 74, at paragraph two of the syllabus. If the defendant fails to prove any one of these elements, then he has failed to demonstrate that he acted in self-defense. State v. Jackson
(1986), 22 Ohio St.3d 281, 283. "Self-defense essentially operates as an admission of the substantive offense but claiming justification, acting under excusably extenuating circumstances." (Internal quotation marks and citation omitted.) State v. Sims
(June 12, 1997), Cuyahoga App. No. 71236, unreported, 1997 WL 321487 at *6.
The greater amount of credible evidence offered at trial fails to demonstrate that appellant has proven any of the elements of self-defense. Appellant's claim of self-defense is based on (1) Atway threatening to break his jaw prior to the punch, (2) Atway allegedly shoving him just prior to the punch., (3) a history of Atway allegedly threatening and bullying him, and (4) the size discrepancy between he and Atway.
Concerning appellant's claim that Atway had threatened him, it has been recognized that mere verbal harassment does not constitute provocation entitling a defendant to defend himself. See Bucyrus v. Fawley (1988), 50 Ohio App.3d 25. Regarding appellant's assertion that Atway had shoved him prior to the punch, there was conflicting testimony. Evaluating the credibility of witnesses is primarily the function of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
Appellant cites to State v. McLeod (1948), 82 Ohio App. 155,156, which held that previous threats and discrepancies in physical condition were essential evidence in validating the defendant's claim of self-defense. However, appellant's reliance on McLeod is misplaced. In McLeod, the court noted, "It must be borne in mind that all the action took place on the premises of Defendant who claimed to have acted in defense of his person or property." Id. In this case, appellant and Atway were in a public setting, not on appellant's private premises. Appellant was not acting in protection of his personal property or premises. Also,McLeod was reviewing a question of law. Specifically, McLeod
reviewed the trial court's refusal to admit evidence of past threats against the defendant. Id. In this case, the trial court readily admitted evidence of past threats.
Based on the foregoing, we cannot say that the trial court's verdict was against the manifest weight of the evidence. The record does not demonstrate that the trial court lost its way and created a manifest miscarriage of justice by finding appellant guilty of assault and finding that appellant had failed to prove self-defense by a preponderance of the evidence.
Accordingly, appellant's first assignment of error is without merit.
In appellant's second assignment of error, he maintains that the trial court had no authority to order restitution for the victim's medical expenses.
Appellant's conviction in this case was for a misdemeanor of the first degree. See R.C. 2903.13 (C). Penalties for offenses of this level are prescribed in R.C. 2929.21 (B) (1) and (C) (1) as a maximum of six months' incarceration and a fine of up to $1,000. R.C. 2929.21 (E) provides that a person found guilty of a misdemeanor may be required to make "restitution for all or part of the property damage that is caused by the offense and for all or part of the value of the property that is the subject of any theft offense * * * that the person committed." Appellant argues that the trial court's restitution order violates this provision of the Revised Code. Several courts have held that R.C. 2929.21
(E) prohibits restitution for items such as medical bills. SeeState v. Theuring (1988), 46 Ohio App.3d 152; Eastlake v. Kosec
(1985), 29 Ohio App.3d 259. However, restitution for medical expenses may be ordered as part of the terms of probation. Statev. Bruce (1994), 95 Ohio App.3d 169; State v. Bush (1992),83 Ohio App.3d 717; State v. Pittman (1990), 61 Ohio App.3d 425.
Appellant also cites State v. Wohlgemuth (1990), 66 Ohio App.3d 195,583 N.E.2d 1076, in support of his position. However, the restitution order in Wohlgemuth was not a condition of probation, but was enforceable even in the event the defendant's probation was revoked. The court observed that the defendant "was ordered to pay restitution and must do so whether he serves the modified sentence or the original sentence upon revocation of probation for any violation." Id. at 198.
In the present case, we construe the trial court's entry as ordering restitution of the victim's medical bills as a condition of his probation. Although the trial court's entry could have been clearer in this regard, a reading of the entry in its entirety leads us to this conclusion. The determination of the amount of restitution was also referred to the probation department. Therefore, this case is distinguishable fromWohlgemuth and other cases that prohibit the payment of medical expenses as restitution.
Accordingly, appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., Waite, J., concurs.
 APPROVED: _________________________ Gene Donofrio Judge