OPINION
Defendant-appellant, Ronald Smith (Smith), appeals from the July 23, 2001 judgment entry of the Franklin County Court of Common Pleas finding him guilty of violating R.C. 2923.12, carry a concealed weapon, and further sentencing him to seventeen months incarceration. For the reasons that follow, we affirm the judgment of the trial court.
On December 28, 2000, Smith was riding in a 1964 Oldsmobile driven by a Mr. Simpson. Officers Jason Ayres and Thomas Sandford were driving westbound on Livingston Avenue. Simpson turned northbound, and then westbound onto Livingston Avenue in front of the officers, cutting them off. Officer Ayers testified that he observed Simpson's vehicle windshield and rear window were iced over. (Tr. 21.) Due to the officers' observation that Simpson's windows were iced over obstructing his view, and Simpson failed to yield from a stop sign, the officers pulled Simpson over. Officer Ayers testified that, when he approached the vehicle, he asked Simpson and Smith for their driver's licenses. Simpson did not have his license, but Smith provided his license to Officer Ayers. Smith remained in Simpson's vehicle, while the officers escorted Simpson to the back of the patrol car. After running a check on the Law Enforcement Automated Data System (LEADS), Officer Ayers determined that Simpson had a valid driver's license, but that Smith had an outstanding warrant and an alias. After Officer Ayers verified the warrant on Smith, Officers Ayers and Sandford exited the police car and placed Smith under arrest. After Smith was placed under arrest, Officer Ayers testified that he asked Simpson, if there was any contraband in his car and may we have permission to search his car. (Tr. 29.)[1] Simpson told Officer Ayers that he did not have any contraband in his vehicle, and that the officer had his consent to search the vehicle.
Officer Sandford conducted a search of Simpson's vehicle. Officer Sandford opened the driver's door, looked in the driver's compartment, and checked the seat and console area. Finding nothing, Officer Sandford then walked around the vehicle to the passenger side and looked to see if there was anything lying on the dashboard or seats. Officer Sandford knelt down, looked under the passenger seat, and observed the butt of a pistol underneath the passenger seat. When Officer Sandford removed the pistol, he observed that there was a round in the chamber as well as rounds in the magazine.
On February 9, 2001, Smith was indicted by the Franklin County Grand Jury on one count of carrying a concealed weapon, in violation of R.C.2923.12. A motion to suppress hearing was conducted on May 21, 2001, where Smith and Officer Ayers testified. At the conclusion of Smith's testimony, the trial court overruled Smith's motion to suppress. On May 22, 2001, a jury trial commenced where Smith did not testify. At trial, counsel for Smith proffered jury instructions on the affirmative defense of necessity, defense of others and excuse or justification, and on the lesser included offense of the improper handling of a firearm in a motor vehicle. (Tr. 112-113.) The trial court held that there were no affirmative defenses in the case and, as such, the proffered instructions would not be given. (Tr. 113.)
On May 23, 2001, the jury found Smith guilty of carrying a concealed weapon and, on July 23, 2001, the trial court sentenced Smith to seventeen months incarceration. It is from this judgment entry that Smith appeals, assigning the following as error:
 I. The trial court erred in failing to give instructions to the jury on the issue of excuse or justification, inasmuch as some evidence was presented that Appellant acted in an excusable or justifiable manner. Reasonable minds could differ as to this issue, and the jury was entitled to instructions on the applicable law.
 II. The trial court erred in failing to give instructions to the jury on the issue of defense of others, inasmuch as some evidence was presented that Appellant acted in defense of another. Reasonable minds could differ as to whether Appellant's actions were motivated by defense of another; the jury was entitled to instructions on the law.
 III. The trial court erred in failing to give instructions to the jury on the issue of necessity, inasmuch as some evidence was presented that Appellant acted out of necessity. Reasonable minds could differ as to whether Appellant's actions were motivated by necessity, and the jury was entitled to instructions on the applicable law.
 IV. The trial court erred in failing to give instructions to the jury on the lesser included offense of improper transportation of a firearm. Inasmuch as this is a lesser included offense of carrying a concealed weapon, and the jury instruction offered a proper statement of the law, it was required that the jury be given the option of finding the defendant guilty only of the lesser offense.
In each of Smith's four assignments of error, he alleges that the trial court failed to give the proffered jury instructions. It is well established that a trial court has broad discretion in instructing the jury. Jenkins v. Clark (1982), 7 Ohio App.3d 93, 100. Requested jury instructions should ordinarily be given if they are correct statements of law, that are applicable to the facts in the case, and reasonable minds might reach the conclusion sought by the specific instruction. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. The proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case.[2] State v. Wolons (1989), 44 Ohio St.3d 64, 68. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982), 1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995), 106 Ohio App.3d 562, 565; and In re Ghali (1992),83 Ohio App.3d 460, 466.
In his first assignment of error, Smith alleges that the trial court erred in failing to give jury instructions on the defense of excuse or justification. The proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense under R.C. 2901.05 is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue. State v. Robbins (1979), 58 Ohio St.2d 74, 80, quoting State v. Melchior (1978), 56 Ohio St.2d 15, paragraph one of the syllabus.
During his interview with Officer Ayers, Smith told the officer that he got the gun from an unknown place near where he was arrested, and that he had the gun in his possession so kids in the house would not play with it. (Tr. 49.) The trial court determined that the instruction on excuse of justification was not pertinent to the facts of the case. We agree. An affirmative defense is a defense expressly designated or one involving an excuse or justification. R.C. 2901.05(C). An affirmative defense justifies or excuses conduct that is otherwise prohibited by law. Hurt v. Ohio Liquor Control Comm. (Nov. 26, 1997), Montgomery App. No. 16232, unreported. Taking a loaded weapon from a child is neither an excuse nor justification for the conduct of Smith that gave rise to his criminal charge. The evidence presented did not excuse or justify Smith's behavior. As such, there was no reason to give the jury instructions concerning excuse or justification. Accordingly, the trial court did not abuse its discretion in failing to instruct the jury on excuse or justification. Therefore, Smith's first assignment of error is not well-taken and is overruled.
In his second assignment of error, Smith contends that the trial court additionally erred in failing to instruct the jury on defense of another. In order to establish the affirmative defense of defense of another, Smith has the burden of proving, by a preponderance of the evidence, that: (1) he, in good faith and upon reasonable grounds, believed that a family member was in imminent danger of bodily harm; (2) he used a reasonable degree of force to defend the family member; and (3) he used the same force that he would be entitled to use in self-defense. State v. Williford (1990), 49 Ohio St.3d 247, 250; and State v. Scott (Mar. 27, 2001), Franklin App. No. 00AP-868, unreported.
Smith contends that he was entitled to the jury instruction because he believed that the child playing with the gun was in imminent danger and, as a result, he took action by taking the gun and placing it under the passenger seat of the vehicle to protect the child. The affirmative defense of defense of another only applies to a situation where an accused has defended a family member from the actions of a third party. State v. Wenger (1979), 58 Ohio St.2d 336, 340 (one who intervenes to help a stranger stands in the shoes of the person whom he is aiding). Smith has failed to present any evidence which, if believed, raised a question on the applicability of the defense of another by a preponderance of the evidence. Accordingly, the trial court did not err in refusing to instruct the jury on the affirmative defense of defense of another since such instruction would have been contrary to law and since the evidence adduced, viewed in the light most favorable to appellant, was insufficient to raise the defense. State v. Robinson (1976),47 Ohio St.2d 103 . Thus, Smith's second assignment of error is not well-taken and is overruled.
In his third assignment of error, Smith contends that the trial court erred in failing to give jury instructions on necessity. The elements of necessity are as follows:
 * * * (1) [T]he harm must be committed under the pressure of physical or natural force, rather than human force; (2) the harm sought to be avoided is greater than, or at least equal to that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believes at the moment that his act is necessary and is designed to avoid the greater harm; (4) the actor must be without fault in bringing about the situation; and (5) the harm threatened must be imminent, leaving no alternative by which to avoid the greater harm. * * *
State v. Prince (1991), 71 Ohio App.3d 694, 699. Simply because Smith thought that taking the gun away from the child was necessary, does not mean that his actions fall within the affirmative defense of necessity. See State v. Gibbs (1999), 134 Ohio App.3d 247 (jury instruction on the defense of necessity was not warranted in prosecution for telephone harassment, where defendant's request for the defense was based solely on her claim that her calls to her former husband's business had been related to their children and were therefore necessary). Smith provided no evidence to support a jury instruction on necessity. Bucyrus v. Fawley (1988), 50 Ohio App.3d 25, 26; State v. Snowden (1982),7 Ohio App.3d 358, 361-362 (the trial court is not required to instruct a jury on an affirmative defense until the defendant has presented sufficient evidence to warrant an instruction). Therefore, the trial court did not err in declining to instruct the jury on the affirmative defense of necessity. Accordingly, Smith's third assignment of error is not well-taken and is overruled.
In his fourth assignment of error, Smith argues that the trial court erred in failing to instruct the jury on the lesser-included offense of improperly handling firearms in a motor vehicle as a lesser-included offense of the principal charge of carrying a concealed weapon. Smith was charged with violating R.C. 2923.12, carrying a concealed weapon, which states:
 (A) No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance.
R.C. 2923.16, improperly handling firearms in a motor vehicle, provides that:
 (B) No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle.
A similar issue, as in the case at hand, was decided in State v. Wood (Jan. 19, 1989), Montgomery App. No. 10966, unreported. Wood was a passenger in a car that was pulled over after officers observed that the driver failed to give a turn signal. As the officers approached the vehicle, they observed Wood lean forward and do something under the seat. After conducting a legal search of the vehicle, the officers found drugs and drug paraphernalia on the seat of the vehicle, along with a loaded .38 caliber handgun under the passenger seat of the car. Wood was found guilty of carrying a concealed weapon and possession of drugs. Wood appealed, alleging that the trial court erred by refusing to instruct the jury on the lesser-included offense of improper handling of a firearm in a motor vehicle. In reaching its decision, the court applied a three-prong test pronounced by the Ohio Supreme Court in State v. Kidder (1987), 32 Ohio St.3d 279.
In Kidder, the court held that the following should be considered to determine whether an offense may be a lesser-included offense of another: (1) the offense is a crime of lesser degree than the other; (2) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. Id. at 282. See, also, State v. Wilkins (1980), 64 Ohio St.2d 382, 384.
Applying the principles pronounced in Kidder, the court in Wood noted that the trial court is first required to determine what constitutes a lesser included offense of the charged crime and, second, whether the jury could reasonably conclude that the evidence supports a conviction for the lesser offense and not the greater. A criminal defendant is entitled to a lesser-included offense instruction only when the evidence warrants it. Kidder, supra; State v. Loudermill (1965), 2 Ohio St.2d 79
(failure to give charge of the lesser included offense of manslaughter where there is evidence to support the lesser charge, is prejudicial to the defendant); State v. Solomon (1981), 66 Ohio St.2d 214, 221 ([i]f under any reasonable view of the evidence it is possible for the [jury] to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given). However, if the facts are such that a juror could reasonably conclude that the evidence supports the greater offense, and not the lesser offense, then the lesser-included offense instruction will not be given. Wood, supra.
In Wood, the court held it was undisputed that the weapon was concealed under the passenger seat where Wood was sitting. Because concealment is a significant element of the carrying a concealed weapon charge and the essence of the greater offense, giving an instruction on the lesser-included offense would be prejudicial to the state. Id. See, also, State v. Potete (May 27, 1983), Lucas App. No. L-82-324, unreported (R.C. 2923.16[B] is not a lesser included offense of R.C. 2923.12[A] because a violation of carrying a concealed weapon may be committed without an offense of improperly handling firearms in a motor vehicle).
We recognize that, under the three-prong statutory element test of Kidder, there may be appropriate circumstances when the evidence warrants it, where improperly handling firearms in a motor vehicle may qualify as a lesser-included offense of carrying a concealed weapon. However, this case does not present such a circumstance. Here, it was undisputed that the loaded weapon was found concealed under the passenger seat where Smith was sitting. No evidence was presented to the contrary. Although the weapon underneath the passenger seat may have been accessible to Smith, it was nonetheless concealed. As such, a jury instruction to the contrary would have been improper and in error. The trial court did not err in refusing to give a lesser-included offense instruction to the jury on the crime of improperly handling firearms in a motor vehicle. Accordingly, Smith's fourth assignment of error is not well-taken and is overruled.
For the foregoing reasons, Smith's four assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.
[1] The officers asked Simpson on two separate occasions for his consent to search his vehicle. The officers asked Simpson prior to the LEADS run, and after Smith was placed under arrest. Each time, Simpson gave his consent for the officers to search his vehicle.
[2] Since Smith's four assignments of error deal with the trial court's refusal to deliver a requested proffered jury instruction, this standard of review will apply to all of the foregoing assignments of error.