{¶ 62} There is no question that under Ohio law, the offense of disorderly conduct is a lesser included offense of assault. The majority opinion suggests that fourth-degree misdemeanor disorderly conduct, with its additional requirement that it continue after an order to desist, somehow deprives the jury of its ability to discern the facts adduced herein.
 {¶ 63} As stated by the Second Appellate District, statutes are to be construed "implicitly" in the interest of justice. As stated by the court:
 {¶ 64} "Juda argues that the language in the statutes defining disorderly conduct and assault precludes a holding that disorderly conduct is a lesser included offense of *Page 17 
assault. Although the common elements of these two offenses are not stated in identical language in the statutes, the common elements areimplicit in the conduct that constitutes the offenses.[3] Courts do not require an express inclusion of the lesser offense in the definition of the greater.[4 `For example, a simple assault can be a lesser included offense of murder or manslaughter, when the evidence fails to prove that the injury inflicted by the defendant caused the victim's death, even though the murder statute does not mention physical harm.'[5]"[6]
 {¶ 65} It would be an elevation of form over substance to suggest that one form of disorderly conduct is a lesser included offense of assault, while another form is not. In this case, the elements of assault (the greater offense) are clearly more extensive than the elements of disorderly conduct (the lesser offense). It was unreasonable, and an abuse of discretion, to not permit the jury to consider all the laws that properly applied to the subject "cop fight." Was Latessa disorderly after being told to desist; or was he guilty of assault? That is the question the jury was prohibited from answering when they were given their "all or nothing" choice.
 {¶ 66} Secondly, the evidence in this matter, if believed, would unconditionally support a jury instruction on self-defense. Latessa and his wife both testified unequivocally that he was making every reasonable attempt to defend himself or escape from an unwarranted assault by two police officers. The question is not whether the court of appeals believes the evidence, for that is not our job. *Page 18 
 {¶ 67} A successful claim of self defense requires the defendant to demonstrate that he or she was justified in using force to escape the imminent danger of death or great bodily harm.[7]
 {¶ 68} In this matter, Latessa was only convicted of the assault charge regarding Officer Heramb, so I will only focus on the facts pertaining to that charge. Latessa testified that he was being beaten by Officer Lawrence when Officer Heramb tackled him, resulting in Officer Heramb's broken arm. Thus, the "force" that caused Officer Heramb's injury was Latessa being tackled. Certainly, a reasonable trier-of-fact could conclude that a person who is tackled, while being beaten by another individual, is justified to land on the tackler's arm in an attempt to prevent further injury to himself.
 {¶ 69} A fair trial is composed of the opportunity for both sides to present evidence followed by the court explaining the law as it applies to those disputed facts. At the end of the day, it is the job of the jury to sift through the combination of facts and law to render a just verdict. When you take away any of those elements, justice is not served. In this case, this jury had to sort out whether Latessa was (1) guilty of assault or disorderly conduct; and (2) justified in his actions based upon the reasonable belief that he was the victim and not the aggressor. Juries are good at making those calls. In this case, they never got the chance.
 {¶ 70} The matter should be reversed due to the trial court's error in charging the jury.
[3] State v. Roberts (1982), 7 Ohio App.3d 253, 255.
[4] Id.
[5] State v. Roberts, 7 Ohio App.3d at 255; Marts v. State (1875), 26 Ohio St. 162.
[6] (Emphasis added.) State v. Heffner (June 6, 1997), 2d Dist. No. 16230, 1997 Ohio App. LEXIS 2497, at *14.
[7] (Citations omitted.) State v. Haines, 112 Ohio St.3d 393,2006-Ohio-6711, at ¶ 30. *Page 1