The STATE of Ohio, Appellee,

v.

YONTZ, Appellant.

[Cite as *State v. Yontz* (1999), 135 Ohio App.3d 530.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 97–JE–70.

Decided Dec. 17, 1999.

*Stephen M. Stern,* Jefferson County Prosecuting Attorney, and *Costa D. Mastros,* Assistant Prosecuting Attorney, for appellee.

*Eric M. Reszke,* for appellant.

---

GENE DONOFRIO, Judge.

Defendant-appellant, Paul R. Yontz, Jr., appeals a criminal conviction obtained in the Jefferson County Common Pleas Court after a trial to a jury. Appellant was convicted of two counts of assault on a peace officer, one count of disorderly conduct, and one count of resisting arrest.

On July 20, 1997, the Jefferson County Sheriff's Department received a report of a man lying in the middle of the road who had possibly been stabbed. Deputy Ed Pfouts, Sergeant Ron Miro, Deputy Joseph Lamantia, and Deputy Mike Bianchinni responded to the scene.

Upon arrival, the deputies found appellant lying in the middle of the road in a fetal position. Appellant responded to the deputies in a belligerent and excited manner. For their safety, the deputies handcuffed appellant and then attempted to inquire of him what had happened.

Appellant was generally uncooperative and refused to say who had assaulted him. Appellant also refused medical treatment from an emergency medical service crew that had responded to the call.

Deputies removed the handcuffs from appellant and provided him with a ride to his residence on Briar Hill Road. Shortly after appellant was dropped off at the residence, the sheriff's department received another call. This time it was appellant's father. He indicated that appellant may have acquired a gun and was going to go after the individuals who had assaulted him.

Deputies Pfouts, Lamantia, and Bianchinni responded to the residence. The deputies observed appellant in the residence and could hear screaming. Deputies knocked at the door but appellant refused to answer.

After approximately ten minutes, appellant opened the door. Deputies handcuffed appellant and they secured a rifle found in the residence. Deputies Lamantia and Bianchinni were dispatched to another call, leaving Deputy Pfouts alone with appellant. Deputy Pfouts waited for Sergeant Miro to return before proceeding any further with appellant.

Without warning, appellant stood up and ran towards the rear of his residence. Deputy Pfouts attempted to restrain him. Both fell to the floor and a struggle ensued. Appellant was able to bring his arms from behind has back to his front and grab hold of Deputy Pfouts' genitalia. Deputy Pfouts sprayed appellant with mace causing him to release his grip. Appellant also kicked Deputy Pfouts and attempted to remove items from his gun belt.

Sergeant Miro arrived at appellant's residence and assisted Deputy Pfouts. Sergeant Miro picked appellant up from the floor and began to escort him outside. As they were walking out the door of appellant's residence, both fell to the ground. While on the ground, appellant kicked Sergeant Miro in the chest. Deputy Pfouts returned to assist and appellant kicked at him and spit in his face. The deputies tied appellant's legs together and then transported him to jail.

Deputy Pfouts signed a criminal complaint charging appellant with four separate counts as follows:

(1) Count One—assault on a peace officer (Deputy Pfouts) in violation of R.C. 2903.13(A)

(2) Count Two—assault on a peace officer (Sergeant Miro) in violation of R.C. 2903.13(A)

(3) Count Three—disorderly conduct in violation of R.C. 2917.11(A); and

(4) Count Four—resisting arrest in violation of R.C. 2921.33.

On August 14, 1997, a Jefferson County Grand Jury returned an identical indictment.

The case proceeded to a jury trial on October 30, 1997. The jury found appellant guilty on all counts. On November 5, 1997, the trial court conducted appellant's sentencing hearing and sentenced him as follows: Count One—ten months imprisonment; Count Two—ten months imprisonment; Count Three—six months imprisonment; and Count Four—six months imprisonment. The court ordered that the sentences for Counts One and Two run consecutive to one another and that the sentences for Counts Three and Four run concurrently, resulting in a net sentence of twenty months' imprisonment. This appeal followed.

Appellant alleges the following in his first assignment of error:

"The trial court committed reversible error by not sentenc[ing] the defendant to the minimum term of imprisonment as is required by the Ohio Revise[d] Code."

Under this assignment of error, appellant presented the following issue for review:

"The trial court must follow the ohio sentencing guidelines and sentence an individual according to the requirements of Revise[d] Code Section 2929.14(B)."

## I GROUNDS TO APPEAL FELONY SENTENCE

Appellant only takes issue with the sentence imposed for the two counts of assault on a peace officer. R.C. 2903.13 states in pertinent part:

"(A) No person shall knowingly cause or attempt to cause physical harm to another * * *.

" * * *

"(C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree.

" * * *

"(3) If the victim of the offense is a peace officer * * * while in the performance of [his or her] official duties, assault is a felony of the fourth degree."

A felony of the fourth degree carries a possible prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). The trial court sentenced appellant to a ten-month term of imprisonment on each of the assault counts for a combined total of twenty months' imprisonment.

Appellant argues that given his mental and substance abuse problems it was error for the court to have sentenced him to ten months on each of the assault counts. Although appellant has failed to specifically and expressly set forth statutory grounds for an appeal of his sentence, the essence of his argument is that the sentence is contrary to law. See R.C. 2953.08(A)(4).

## II STANDARD OF REVIEW

R.C. 2953.08(G) provides that an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:

"(1) That the record does not support the sentence;

" * * *

"(4) That the sentence is otherwise contrary to law." See 146 Ohio Laws, Part II, 2560, 2635–2637.

Therefore, we examine appellant's sentence with an eye towards whether the record supports the sentence or whether the sentence is otherwise contrary to law. See R.C. 2953.08(G)(1) and (4) (now R.C. 2953.08[G][1][a] and [d] ).

## III OHIO'S FELONY SENTENCING GUIDELINES

A. Purposes

When sentencing a felony offender, the sentencing court must consider the overriding purposes of felony sentencing. R.C. 2929.11(A). The overriding

purposes of felony sentencing are: (1) "to protect the public from future crime by the offender and others" and (2) "to punish the offender." R.C. 2929.11(A). In order to achieve those purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).

## B. Principles

The sentencing court is also required to consider principles aimed at achieving the two overriding purposes of felony sentencing. R.C. 2929.11(B). The first principle requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). The second principle commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

## C. Sentencing Factors

Under Ohio's felony sentencing law there are two primary categories of factors the court must consider in making the sentencing determination—seriousness factors and recidivism factors. In addition, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing.

The seriousness factors enumerated in R.C. 2929.12 take one of two forms: factors that make an offense more serious than conduct normally constituting the offense, and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:

"(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

"(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

"(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

"(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

"(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

"(6) The offender's relationship with the victim facilitated the offense.

"(7) The offender committed the offense for hire or as a part of an organized criminal activity.

"(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."

The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(C). They are:

"(1) The victim induced or facilitated the offense.

"(2) In committing the offense, the offender acted under strong provocation.

"(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

"(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

The factors relating to recidivism are enumerated under R.C. 2929 .12(D). They are:

"(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.

"(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.

"(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

"(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

"(5) The offender shows no genuine remorse for the offense."

D. Statutory Presumptions

For those felony offenders who previously have not served a prison term, there is a statutory presumption in favor of imposition of the shortest prison term authorized for the offense. R.C. 2929.14(B). The sentencing court may impose a prison term longer than the shortest term authorized, but shorter than the

longest term authorized, if the court *"finds on the record* that the shortest prison term [would] demean the seriousness of the offender's conduct or [would] not adequately protect the public from future crime by the offender or others." (Emphasis added.) R.C. 2929.14(B). The sentencing court may impose the longest or maximum prison term authorized *only* if the offender has committed the worst form of the offense, the offender poses the greatest likelihood of committing future crimes, the offender is a major drug offender, or the offender is a repeat violent offender. R .C. 2929.14(C).

### IV APPLICATION

In this case, the trial court sentenced appellant to a prison term longer than the shortest term authorized, but less than the longest term authorized for the offense. As required by R.C. 2929.14(B), the trial court found on the record that the shortest term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by appellant or others.

The trial court's sentence of a prison term longer than the shortest term authorized for the offense is supported by the existence of recidivism factors. Appellant has a prior conviction of assault on a peace officer. See R.C. 2929.12(D)(2). Concerning appellant's substance abuse problem, the trial court found that appellant "has received extensive treatment both voluntarily and involuntarily for his alcohol abuse but repeatedly returns to his alcohol and all efforts at treatment have repeatedly failed." See R.C. 2929.12(D)(4).

A review of the record in this case reveals that the court's stated reasons and findings support imposition of a prison term longer than the shortest term authorized for the offense. The record does not clearly and convincingly support a conclusion to the contrary.

Accordingly, appellant's first assignment of error is without merit.

Appellant alleges the following in his second assignment of error:

"The trial court committed reversible error by failing to instruct the jury on the lesser included offense of disorderly conduct."

Under this assignment of error, appellant presented the following issue for review:

"A jury should be given an instruction on a lesser included offense when warranted by the evidence."

When reviewing a trial court's jury instructions, an appellate court reviews whether the trial court's refusal to give a requested jury instruction constitutes an abuse of discretion. *State v. Wolons* (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443, 446–447. The term abuse of discretion connotes more than an

error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Id.* Only those instructions that conform to the facts of the case should be given. *Avon Lake v. Anderson* (1983), 10 Ohio App.3d 297, 299, 10 OBR 472, 474, 462 N.E.2d 188, 190.

In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, at paragraph three of the syllabus, the Ohio Supreme Court set forth a three-part test to determine when an offense may be a lesser-included offense of another offense:

"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (*State v. Kidder* [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)"

R.C. 2903.13 states:

"(A) No person shall knowingly cause or attempt to cause physical harm to another * * *.

" * * *

"(C) Whoever violates this section is guilty of assault."

A person acts "knowingly" "when he is aware that his conduct will probably cause a certain result." R.C. 2901.22(B). Assault of a peace officer is a felony of the fourth degree. R.C. 2903.13(C)(3).

R.C. 2917.11 proscribes disorderly conduct and provides:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * *:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."

A person acts "recklessly" when, "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result." R.C. 2901.22(C). Disorderly conduct can be a minor misdemeanor or a fourth degree misdemeanor. See R.C. 2917.11(E).

A review of case law reveals a split of authority on the issue of whether disorderly conduct is a lesser included offense of assault. Some cases have found disorderly conduct, when designated a minor misdemeanor, is a lesser included offense of assault. *State v. Burgess* (1992), 79 Ohio App.3d 584, 607 N.E.2d 918; *State v. Reynolds* (1985), 25 Ohio App.3d 59, 25 OBR 227, 495 N.E.2d 971; *State v. Roberts* (1982), 7 Ohio App.3d 253, 7 OBR 333, 455 N.E.2d 508. Those cases have held that disorderly conduct as a minor misdemeanor can be a lesser

included offense of assault because "common elements are implicit in the conduct that constitutes the offenses." *Roberts,* 7 Ohio App.3d at 255, 7 OBR at 335, 455 N.E.2d at 509. However, these same cases hold that disorderly conduct as a fourth degree misdemeanor does not meet the third prong of the *Deem* test because it requires proof of the additional element of persistence or failure to desist after warning.

In a recent case dealing with an assault on a police officer, the Tenth District Court of Appeals noted that "[i]nconvenience is a totally distinct concept and also not a part of the concept of physical harm." *State v. Neal* (Sept. 1, 1998), Franklin App. No. 97APA12–1676, unreported, 1998 WL 614628 at *7. The court went on to conclude that disorderly conduct is not a lesser included offense of assault. *Id.* A decision from Eighth District Court of Appeals is in accord. *State v. Crayton* (Aug. 17, 1989), Cuyahoga App. No. 55856, unreported, 1989 WL 95762 at *1 (disorderly conduct and felonious assault analyzed).

Other courts have taken a more factual approach, dealing with the issue on a case by case basis. Given the general rules governing jury instructions, this approach seems to be the more reasoned one.

■ Even assuming that disorderly conduct can under some factual circumstances meet *Deem*'s three prong test, a defendant is not automatically entitled to a jury instruction on disorderly conduct. "The mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses where the greater offense is charged." *State v. Wilkins* (1980), 64 Ohio St.2d 382, 387, 18 O.O.3d 528, 531, 415 N.E.2d 303, 307. A charge on a lesser included offense is required only where the evidence at trial would reasonably support an acquittal on the greater crime charged and a conviction on the lesser included offense. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus. "The persuasiveness of the evidence regarding the lesser included offense is irrelevant * * * [and] [t]he evidence must be considered in the light most favorable to [the] defendant." *Wilkins, supra,* at 388, 18 O.O.3d at 532, 415 N.E.2d at 308.

■ The above rules, as applied to this case, "would require that an instruction on disorderly conduct be given [if] [1] the jury could have reasonably concluded that [appellant] did not knowingly cause or attempt to cause physical harm [to the deputies] but instead [2] recklessly caused inconvenience, annoyance or alarm by engaging in violent or turbulent behavior." *State v. Ingram* (Sept. 16, 1998), Summit App. No. 18661, unreported, 1998 WL 646632 at *2; *State v. Beard* (Dec. 14, 1998), Butler App. No. CA98–02–019, unreported, 1998 WL 857856 at *2.

The jury could not have reasonably concluded that appellant caused inconvenience and yet did not cause physical harm. Both deputies testified that they

were physically harmed by appellant. Deputy Pfouts testified that he had to receive medical attention for his injury and could not go back to work for three to four days. In the proceedings below, appellant's trial attorney advanced the theory that if appellant was guilty of anything, he was guilty only of disorderly conduct. This theory, if proven, clearly warranted a jury instruction on disorderly conduct. However, appellant failed to provide an evidentiary support for the theory. The deputies' testimony concerning appellant's assault on them went uncontradicted. Consequently, the jury could not have found appellant guilty of disorderly conduct and not guilty of assault.

Accordingly, appellant's second assignment of error is without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

Cox and VUKOVICH, JJ., concur.