This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant Donald Stevens (hereinafter "Stevens"), appeals the judgment of the Jefferson County Court of Common Pleas sentencing him on one count of Criminal Damaging, one count of Theft of a Check, and two counts of Forgery to one year in prison followed by four years of community control. For the following reasons we reverse the trial court's decision and remand the cause for re-sentencing.
On the morning of January 18, 1998, Stevens broke into Lorraine Griesemer's car and took her purse. After removing two checks, he threw the purse and its contents into a river. On January 20, 1998, Stevens cashed the first check for $150.00, and the next day at the same bank branch, he attempted to open a checking account with the second check. He was then arrested.
Pursuant to a plea agreement, Stevens pled guilty to one count of Criminal Damaging, a violation of R.C. § 2909.06(A)(1), one count of Theft of a check, a violation of R.C. § 2913.02(A)(1); and two counts of Forgery, violations of R.C. § 2913.31(A)(3). The trial court released Stevens on bond and scheduled a sentencing hearing for July 22, 1998. Stevens failed to appear at the hearing, so the trial court revoked the bond and issued a warrant for his arrest. Eighteen months later, Stevens was arrested for possession of crack cocaine during a police sting operation. The instant sentencing hearing occurred on March 14, 2000.
On each count of forgery, the trial court sentenced Stevens to one year in prison to be served concurrently. For theft of a check, Stevens was sentenced to four years of community control, the first six months incarcerated at the Eastern Ohio Correction Center followed by three-and-a-half years of probation. For criminal damaging, Stevens was sentenced to thirty days in jail concurrent with the forgery counts. He was also ordered to pay restitution for damage to the vehicle window and the contents of the purse. Although Stevens filed a brief, no reply brief was filed by the Plaintiff-Appellee, State of Ohio.
Stevens alleges as his sole assignment of error:
 The court erred to the prejudice of the appellant in imposing the maximum sentence of incarceration.
Stevens argues the imposition of the maximum sentences for the forgery charges are contrary to the sentencing statutes. Forgery is a felony of the fifth degree, R.C. § 2913.31(A)(3), carrying a possible prison term of six to twelve months. R.C. § 2929.14(A)(5). Stevens was sentenced to twelve months for each count of forgery, to be served concurrently.
A sentencing order will not be reversed upon appeal so long as there is clear and convincing evidence in the record which supports the court's findings, and the sentence is not otherwise contrary to law. §2953.08(G)(2). Clear and convincing is greater than a preponderance of the evidence but less than beyond a reasonable doubt, and produces a firm belief as to the facts sought to be established. State v. Schiebel
(1990), 55 Ohio St.3d 17.
When sentencing an offender, the trial court must consider several aspects of the sentencing statutes. First, the overriding purposes of felony sentencing must be followed, namely, to protect the public from future crime by the offender and others and to punish the offender. R.C. § 2929.11(A). The court must consider the need for "incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Further, the sentence must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and be consistent with sentences imposed for similar crimes committed by similar offenders. R.C. §2929.11(B). Keeping these purposes in mind, if the offender has not previously served a prison term, R.C. § 2929.14(B) presumes the imposition of the shortest prison term for an offense.
The trial court may only impose a sentence beyond the minimum term when it specifically finds on the record that the shortest prison term would either demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. R.C. § 2929.14(B). The trial court is not required to give an explanation for its finding. Rather, the trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." State v. Edmonson (1999), 86 Ohio St.3d 324,326. In the instant case the trial court stated, "with respect to the forgeries, the minimum term possible will demean the seriousness of the offenses and will not adequately protect the public and the court therefore imposes a greater term." Based upon this finding, the trial court may adopt a sentence greater than the minimum.
As the trial court has adequately noted on record why it did not impose the minimum term, we must now determine whether the trial court met the statutory requirements for imposing the maximum sentence. "[T]he sentencing court may impose the longest or maximum prison term authorized * * * if the offender has committed the worst form of the offense, poses the greatest likelihood of committing future crimes, is a major drug offender, or is a repeat violent offender." State v. Yontz (1999),135 Ohio App.3d 530, 537; R.C. § 2929.14(C). When imposing a maximum sentence, the trial court's finding that the offender fits into one of those categories must be supported by its reasoning. R.C. §2929.19(B)(2)(d). See also Edmonson at 328. In this case, the only basis the trial court gives for its imposition of the maximum sentence is that Stevens poses the "greatest likelihood of recidivism". Therefore the only question before this court is whether there was clear and convincing evidence on the record to support the finding that Stevens poses the greatest likelihood of recidivism.
The only fact the trial court could have relied upon in making this finding was the fact that Stevens absconded for eighteen months before his arrest on an unrelated matter. R.C. § 2929.19(D) provides factors a trial court must consider when determining whether an offender is likely to commit future crimes. The trial court concluded the fact that Stevens absconded from sentencing was "substantially equivalent" to R.C.2929.12(D)(1) and uses this as its basis for its finding that Stevens has the greatest likelihood of recidivism. This subsection provides an offender is likely to commit a future crime when,
 "[a]t the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense."
The required statutorily mandated findings are clear and exact, and make no provision for a substantial equivalent. This does not rise to the level of clear and convincing evidence as required by the felony sentencing scheme. Stevens' assignment of error is meritorious.
Based upon the foregoing, Stevens' assignment of error is sustained. The decision of the trial court is reversed in part and remanded for re-sentencing.
VUKOVICH, P.J. and WAITE, J., Concurs.