DECISION AND JUDGMENT ENTRY
This is an appeal from Washington County Common Pleas Court judgments of conviction and sentence. Michael Johnson, defendant below and appellant herein, entered guilty pleas to one count of corruption of a minor in violation of R.C. 2907.04(A), and to one count of tampering with evidence in violation of R.C. 2921.12(A)(1). The following error has been assigned for our review:
 "THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE AS TO THE OFFENSE OF CORRUPTION OF A MINOR AND ORDERED THAT THE SENTENCE BE SERVED CONSECUTIVELY WITH THE SENTENCE IMPOSED FOR TAMPERING WITH EVIDENCE."
A brief summary of the facts pertinent to this appeal is as follows. In the winter of 1999, appellant began internet chatting with twelve year old A.M.[1] Over time, these chats took on a decidedly sexual overtone. One evening in December 1999, appellant and A.M. were both at the home of A.M.'s sister and brother-in-law. During the short time that they were alone in the computer room, appellant kissed A.M., then placed his hand into her pants and inserted his finger into her vagina.[2]
The pair's online "relationship" was eventually exposed when appellant's wife discovered evidence of their online chats and promptly informed the police. After appellant learned that an investigation had been initiated, he attempted to destroy his computer floppy disks and other storage media that contained evidence of his liaisons with A.M. Nevertheless, when questioned by authorities appellant confessed his involvement with the minor child.
On June 15, 2000, the Washington County Grand Jury returned an indictment charging appellant with two counts of corruption of a minor, in violation of R.C. 2907.04(A), one count of sexual imposition, in violation of R.C. 2907.06(A)(4), and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1). Subsequently, appellant pled guilty to one of the corruption charges, as well as the tampering with evidence charge, in exchange for the dismissal of the other two counts.
At the November 14, 2000 change of plea hearing, the trial court explained to appellant his various constitutional rights and made sure that he understood both the nature of the charges against him as well as the ramifications of a guilty plea. The court accepted appellant's pleas and, after a brief recitation of the facts of this case, found appellant guilty on each of the counts to which he had pled and dismissed the two remaining counts.
At the January 15, 2001 sentencing hearing, the trial court heard arguments from both parties and considered the pre-sentence investigation report. The court ultimately sentenced appellant to eighteen months in prison on the corruption of a minor charge and to two years in prison on the tampering with evidence charge. The court further ordered that the sentences be served consecutively. Finally, the court deemed appellant to be a "sexually oriented offender" and ordered appellant to comply with the requisite registration requirements under Ohio law once he completed his prison sentence. This appeal followed.
 I
Before we address the merits of appellant's sole assignment of error, we must first resolve a threshold procedural issue. The State asserts that appellant has no right to appeal his sentences under Ohio law. The basis for this argument lies in the amount of prison time imposed by the court. Corruption of a minor is a fourth degree felony and is punishable by a term of imprisonment from six to eighteen months. See R.C. 2907.04(B) R.C. 2929.14(A)(4). Tampering with evidence is a third degree felony and is punishable by a term of imprisonment from one and five years. See R.C. 2921.12(B) R.C. 2929.14(A)(3). Appellant received the maximum possible prison sentence on the corruption charge, but less than the maximum on the tampering charge. With this in mind, we turn to the following provisions of R.C. 2953.08 which delineate a defendant's right to appeal alleged sentencing errors:
"(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
The sentence was imposed for only one offense.
The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, "sexually violent offense" and "sexually violent predator" have the same meanings as in section 2971.01 of the Revised Code.
The sentence is contrary to law.
The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code. (Emphasis added.)
Appellant concedes that subsection (A)(4) is the only provision of this statute under which he could maintain this appeal. The State counters that appellant did not argue in his initial brief that the sentences were "contrary to law," but, even if he did, the phrase "contrary to law" should not be interpreted so broadly as to allow this particular appeal. Otherwise, the State concludes, "the other restrictions on the right to appeal would not be necessary." We are not persuaded.
The Ohio General Assembly did not explicitly define the phrase "contrary to law" in R.C. 2953.08(A)(4) and the Ohio Supreme Court has not addressed the issue. Various appellate districts have considered the issue, but none have attempted to conclusively define the contours of an appeal under this portion of the statute. It is clear, however, that if a court fails to follow the proper statutory procedure for felony sentencing, or fails to make the required findings to impose a particular sentence, that sentence will be deemed to be "contrary to law." See e.g.State v. Huck, Washington App. No. 01CA1, 2001-Ohio-2563; State v.Watkins, Champaign App. No. 200-CA-21, 2001-Ohio-1473; State v. Gumenick
(Jun. 15, 2001), Hamilton App. No. C-722; State v. Sanders (Apr. 13, 2000), Cuyahoga App. No. 75398. The question then must be raised whether this is the only situation in which a sentence can be appealed under R.C. 2953.08(A)(4)?
The pre-eminent treatise on Ohio felony sentencing answers that question in the negative. Judge Griffin and Professor Katz argue that the court's findings when it imposes a sentence is not "the final word." See Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 715, § T 9.7. In those cases in which findings are required by statute, "the record must support the findings of the court" and "[a]ny failure in [that] process renders the sentence subject to attack as contrary to law." Id. This also appears to be the standard that most appellate courts have adopted. In State v. Rodgers, Stark App. No. 2000CA335, 2001-Ohio-1381, the Fifth Appellate District held that a sentence based on findings not supported by the record is appealable under R.C. 2953.08(A)(4) as contrary to law. Although we did not address the issue directly, this Court used the same standard in State v. Martin (2000),140 Ohio App.3d 326, 336, 747 N.E.2d 318 ("The appellant is not claiming that the trial court's findings are unsupported by the record or that it failed to apply the required statutory criteria and principles, i.e. is contrary to law."). Other courts have applied a similar standard. See e.g. State v. Walker (2000), 140 Ohio App.3d 445, 458, 748 N.E.2d 79 (in an appeal arguing that a sentence is contrary to law, appellant must argue that the necessary sentencing findings were not made or that those findings were not supported by the evidence); State v. Hayes (Nov. 2, 2000), Cuyahoga App. No. 77491 (court entertains an appeal under R.C.2953.08(A)(4) when the appellant argues that the record does not support the sentence).[3]
On this basis, and until the Ohio General Assembly or the Ohio Supreme Court declares otherwise, we hold that an appeal may be brought under R.C. 2953.08(A)(4) to challenge the evidentiary foundation for a trial court's findings in support of imposing a particular sentence. That said, we note that in the case sub judice appellant's arguments all address whether "substantial evidence" exists to support the court's findings in imposing a maximum sentence and ordering consecutive sentences. This argument is a proper basis for an appeal under R.C.2953.08(A)(4) to challenge the sentence as "contrary to law." We now turn to the merits of appellant's arguments.
 II
Appellant argues that the maximum sentence on the corruption of a minor charge and the trial court's order that the sentences be served consecutively constitutes reversible error. We will address these arguments individually.
 Imposition of the Maximum Sentence.
Trial courts may not impose a maximum sentence unless the offender falls into one of four categories. See State v. Lovely, Scioto App. No. 00CA2721, 2001-Ohio-2440; State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13.[4]
Those categories include offenders who (1) commit the worst form of the offense; (2) pose the greatest likelihood of committing future crimes; (3) are certain major drug dealers; and (4) are certain repeat violent offenders. R.C. 2929.14(C); also see State v. Borders (Aug. 7, 2000), Scioto App. No. 00CA2696; State v. Riggs (Sep. 13, 1999), Washington App. No. 98CA39; State v. Goff (Jun. 30, 1999), Washington App. No. 98CA30. Moreover, in order to impose a maximum prison sentence, the trial court must state its reasons on the record at the sentencing hearing. R.C. 2929.19(B)(2)(d); also see State v. Wood, Scioto App. No. 01CA2779, 2002-Ohio-412; State v. Lenegar (Feb. 3, 1999), Vinton App. No. 99CA521;State v. Patterson (Sep. 21, 1998), Washington App. No. 97CA28.
With this in mind, we note the following explanation by the trial court in the case sub judice as to its reasons in imposing the maximum sentence:
 "It is absolutely clear that, by his own admissions, Mr. Johnson, who is age twenty-seven, did engage with a thirteen-year old child, wherein he admits that he kissed her and caressed her breasts under her clothing and vaginally penetrated her. And those items were admitted to Detective Schuck. There is an age difference here that is substantial. Then they engaged in conversation of a sexual nature over the internet.
It would appear to this Court that on the Corruption of a Minor, Mr.Johnson has engaged in the worst form of this offense, and that he does not appear to be amenable to this Court to community control, and prison is purpose — is consistent with the purposes of 2929.11. This is a minor child. Her youth, her childhood has been severely raided. The — the age of the victim worsens the crime and the crime is a sex offense.
Having said that, Mr. Johnson is sentenced to eighteen months incarceration on the Corruption of a Minor charge." (Emphasis added.)
Appellant argues that the trial court "did not identify any reason" to justify its imposition of a maximum sentence. We disagree. We believe that the trial court did indeed find that appellant had committed the worst form of this offense.[5] Furthermore, the court explained its reasons for such finding i.e., that appellant had various forms of sexual contact with the victim, that a vast age difference exists between appellant and A.M. and that appellant continued to engage in communication of a sexual nature with A.M. after the offense had occurred.
Appellant contends that if the trial court imposed the maximum sentence because it found that he had committed the worst form of the offense, that finding is not supported by the record. Appellant argues that if his violation had indeed constituted the worst form of the offense, the court would have adjudicated him a sexual predator rather than a sexually oriented offender. We are not persuaded.
A sexual predator is one convicted of a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). Appellant's potential recidivism for future sexual offenses does not necessarily have any bearing on whether the present crime constituted the worst form of the offense. Even if appellant does not commit another sexual offense, that fact does not mandate the conclusion that this particular crime did or did not constitute a worst form of the offense.[6]
Appellant also objects to the trial court's comments that the victim's youth was "severely raided." He points out that she is "sexually active" and cites a transcript of their internet chats in which she described, engaging in sex acts with boys from her school. We note, however, that the victim also told police that appellant was her first sexual encounter and that the other incidents did not occur until after the initial encounter.[7] We also agree with the prosecution that a vast difference exists between sexual contact or experimentation among children and sexual contact between a child and an adult twice her age.
Appellant also argues that the trial court improperly cited the victim's age and the commission of a "sex offense" as factors in support of the court's finding that the instant offense constituted the worst form of this offense. Appellant notes that these are "essential elements" of the offense to which he pled guilty. Thus, if these factors are considered as sentencing factors, every prison term for the corruption of a minor would require a maximum sentence. We disagree.
The crime of "corruption of a minor" occurs when an adult (someone at least eighteen years of age) engages in sexual conduct with another who is between the ages of thirteen and sixteen. R.C. 2907.04(A). In the instant case, we believe that the victim's age at the time of the incident was relevant for two reasons. First, the victim's age was at the bottom of the statute's age range. A sixteen year old may be more mature, and less vulnerable, than a thirteen year old. Had the victim been several years older, the offense may have been somewhat less shocking. We also note that if the victim was one year younger at the time of the offense, the crime would have been rape, not corruption of a minor. See R.C. 2907.02(A)(1)(b). The second reason for the relevance of the victim's age is that this fact placed appellant's age and their age disparity in the proper perspective. If appellant had been eighteen years old at the time of the incident, the offense may have been less severe. This was not the case, however. Once again, in the case sub judice appellant was twice the victim's age (thirteen year age difference) at the time of the offense.
We also disagree with appellant that the court improperly focuses on the "sexual offense" when it imposed the maximum sentence. Our review of the sentencing hearing reveals that the court was not only concerned with the kissing, caressing and vaginal penetration, but also with the continued "conversation of a sexual nature over the internet." This continuing conversation, that detailed sex acts and appellant's desire for additional encounters, indicates that the sexual conduct did not result from appellant's momentary lapse of judgment. Rather, had the opportunity again presented itself, it is fair to conclude that appellant would have engaged in additional sexual encounters with the victim. Appellant's own statements provide ample support for this conclusion.
In the end, the determination of whether an offender committed the "worst form of the offense" must be made after considering the totality of the circumstances, see State v. Garrard (1997), 124 Ohio App.3d 718,722, 707 N.E.2d 546; State v. Wallace (Nov. 21, 2001), Washington App. No. 00CA44; State v. Coleman (Mar. 3, 2001), Meigs App. No. 00CA10, as well as those factors in R.C. 2929.12(B)(C). See State v. Maloney, Butler App. No. CA2001-01-14, 2002-Ohio-618; State v. Pruhs, Clermont App. No. CA2001-03-037, 2001-Ohio-8661; State v. Moore (Sep. 10, 2001), Fayette App. No. CA2001-01-1. The trial court concluded that appellant committed the worst form of this offense because of the age difference and because of the continued sexual banter after the December 1999 incident. Furthermore, we note that appellant was a friend of the victim's family and well known to the victim. See R.C. 2929.12(B)(6). The record also contains a letter from the victim's parents to the trial court that describes how appellant "betrayed [their] trust!" and how appellant exposed their daughter to "all kinds of sexual deviancy and perversion" for a considerable time period.
We readily acknowledge that appellant's "sentencing memorandum" includes a substantial quantity of evidence of mitigating factors. Appellant appears to have an excellent work record and appears to have the support of members of his family and community. However, the trial court obviously determined that those factors were outweighed by factors showing the offense to be more serious and imposed the maximum sentence. An appellate court should not disturb that sentence unless it clearly and convincingly finds that either the record does not support the trial court's findings under R.C. 2929.13(B)/(D), R.C. 2929.14(E)(4) or R.C.2929.20(H), or that the sentence is contrary to law. R.C.2953.08(G)(2)(a)(b). That is to say, an appellant must persuade an appellate court, by clear and convincing evidence, that the trial court erred when it sentenced him to the maximum sentence. Griffin Katz, supra at 725, § T 9.16.[8] Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. See State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, 743 N.E.2d 881; State v. Schiebel (1990), 55 Ohio St.3d 71,74, 564 N.E.2d 54.
After our review of the record in the instant case, and after we consider factors cited by the trial court, we are not persuaded that appellant has established that the trial court erred. We thus affirm the trial court's decision to impose the maximum sentence for the corruption of a minor offense.
B. Consecutive Sentences
Appellant also asserts that the trial court erred by ordering the corruption of a minor charge sentence to be served consecutively to the tampering with evidence charge sentence. We agree, albeit on a more limited basis than appellant argues in his brief.
Our analysis begins with R.C. 2929.14(E)(4) which states in pertinent part:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
The statute sets out a "tri-partite procedure" for consecutive prison sentences: first, the trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender; second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses; and third, the court must find the existence of one of the three enumerated circumstances in sub-parts (a) through (c). State v. Lovely, Scioto App. No. 00CA2721, 2001-Ohio-2440;State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28.
The trial court's March 9, 2001 sentence imposed consecutive sentences because "the harm caused was great or unusual" and that "[c]onsecutive sentences are necessary to protect the public from future crime or to punish [appellant] and [are] not disproportionate to the seriousness of [his] conduct and the danger [he] poses to the public." These findings met the first two R.C. 2929.14(E)(4) requirements. We believe, however, that the trial court's judgment is deficient with respect to the third requirement. Although the trial court found that the harm caused by appellant "was great or unusual" under subsection (E)(4)(b), it did not find that "no single prison term for any of the offenses . . . adequately reflects the seriousness of the offender's conduct" as required by the statute.
The prosecution concedes that the sentencing entry is deficient in this regard, but cites the transcript which reveals that the trial court made the following findings:
 "Consecutive sentences are necessary to protect the public from future crime, to punish this defendant, and are not disproportionate to the seriousness of his conduct and the danger he poses to the public.
We have a young child and we have an adult. Children have a right to be free from this type of interference in their lives. He's the responsible person. The harm caused is so great and unusual that no prison term— single prison term for any of the offenses committed isadequately re — would protect the public and it would demean theseriousness of the offense. Therefore, the sentences are to run consecutively.' (Emphasis added.)
We agree with the prosecution that the court's statements show that the court considered whether a single prison term adequately reflected the seriousness of the offense.[9] The lack of "magic words" from the statute does not invalidate consecutive sentences when the record as a whole reflects that the spirit and meaning of R.C. 2929.14(E)(4) has been met. See State v. Ritchey, Stark App. No. 2001CA296, 2002-Ohio-895; Statev. Hurst, Franklin App. No. 01AP-77, 2001-Ohio-4082; State v. Franklin
(May 10, 2001), Cuyahoga App. No. 77385. For these reasons, we believe that the trial court followed the mandated statutory procedure and made the requisite findings in order to impose consecutive sentences.
Appellant also argues that even if the court followed the correct procedure and made the correct findings, the evidence is insufficient to support the court's conclusion that the harm caused by these offenses was so "great or unusual" as to warrant consecutive sentences. With respect to the corruption of a minor charge, we disagree. The trial court was correct that the victim is a child and should have been free from this "type of interference" in her life. As noted supra, in our discussion of whether this offense was one of the "worst forms of the offense," a number of circumstances in this case made the crime "great" or "unusual." In particular, appellant was twice the victim's age and he continued to engage in conversation of a sexual nature long after the December 1999 incident.
With respect to the tampering with evidence charge, however, we agree with appellant that insufficient evidence exists in the record to support the trial court's finding that the harm caused by this action was "great" or "unusual." Appellant confessed to both crimes (including destruction of the floppy disks) and even told authorities where he had disposed of those items. We find nothing in the record to suggest that this offense was any greater, or more unusual, than any other tampering with evidence charge. We also note, from our review of the sentencing hearing transcript, that the trial court did not discuss why it found the harm caused by the tampering offense to be "great" or "unusual." For these reasons, we find, by clear and convincing evidence, that the trial court erred by ordering the sentences to be served consecutively.
Accordingly, appellant's assignment of error is well-taken and sustained to this limited extent. We hereby affirm the trial court's judgment in part, and hereby reverse the trial court's judgment in part and remand this matter for further proceedings consistent with this opinion.[10]
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment is hereby affirmed in part, reversed in part and the case is remanded for further proceedings consistent with this opinion. It is further ordered that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] Appellant was a friend of the family and knew A.M.
[2] A.M. had reached thirteen years of age by this time. Appellant was twenty-six.
[3] Other cases have indicated that a sentence may be appealed as contrary to law when the trial court misweighs the statutory factors, see e.g. State v. Robinson (Oct. 31, 2001), Jefferson App. No. 00-JE-29, or fails to take into account certain factors that should have been considered. See e.g. State v. Yontz (1999), 135 Ohio App.3d 530, 534,734 N.E.2d 882.
[4] The case sub judice represents appellant's first criminal conviction. Ohio law generally favors a minimum sentence for first-time offenders. See State v. Edmonson (1999), 86 Ohio St.3d 324, 325,1999-Ohio-110, 715 N.E.2d 131. The Ohio General Assembly has directed that trial courts must impose minimum sentences for first offenses unless the court finds that the shortest prison term will demean the seriousness of the offense or the minimum sentence will not adequately protect the public from future crimes. See R.C. 2929.14(B). The trial court in this case made both findings and we note that appellant concedes in his brief that he "does not contest" the court's decision to impose greater than the minimum possible prison sentence.
[5] This finding, alone, is sufficient to support the imposition of a maximum prison term. State v. Goff (Jun. 30, 1999), Washington App. No. 98CA30; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13. We therefore do not address other comments the court made concerning appellant's likelihood for recidivism. Of course, we recognize that the phrase "worst form of the offense" is a somewhat amorphous standard and will depend on the facts and circumstances unique to each individual case. Apparently, more than one "worst form of the offense" exists for each criminal offense.
[6] We again point out that more than one "worst form of the offense may exist." Goff, supra; State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. Further, the trial court is not required to compare appellant's conduct to some hypothetical absolute worst form of the offense in reaching its determination. State v. Boshko (2000),139 Ohio App.3d 827, 836, 745 N.E.2d 1111; State v. Maloney, Butler App. No. CA2001-01-014, 2002-Ohio-618; State v. Johns, Clermont App. No. CA2001-05-054, 2002-Ohio-289. Again, however, we recognize the great difficulty in defining with specificity what constitutes the "worst form of the offense." Maybe the Legislature should consider enacting a different and more understandable standard.
[7] We take this from a transcript of an interview between the victim and police detectives that is contained in appellant's sentencing memorandum.
[8] This Court, like many other Ohio courts, has previously reviewed sentencing cases under a modified abuse of discretion standard. In essence, we held that as long as trial courts followed the proper statutory procedures, considered the pertinent statutory factors and made the requisite statutory findings, we would not reverse a sentence absent an abuse of discretion. See State v. McConnaughey (Mar. 3, 1998), Athens App. No. 97CA39; State v. Thomas (May 18, 1998), Washington App. No. 97CA20; State v. Ditterline (Sep. 5, 1997), Washington App. No. 96CA47. However, this apparently is no longer the standard. The Ohio General Assembly recently amended R.C. 2953.08(G)(2) to specify that the appellate standard of review "is not whether the sentencing court abused its discretion." See Sub.H.B. No. 331 in 6 Baldwin's, Ohio Legislative Service (2000). We note, however, that the amended statute does not specify what is the proper standard of review other than to say appellate courts cannot take action unless they find that the trial court "clearly and convincingly" erred. This enactment, however, demonstrates confusion and a lack of understanding between a burden of proof and an appellate court's standard of review. "Clear and convincing" evidence is a burden of proof. 44 Ohio Jurisprudence3d (1983) 442-444, Evidence and Witnesses, §§ 1031-1032. It is not a "standard of review," nor does it easily translate into a workable standard. Are we to review evidence in the record de novo to determine whether the trial court clearly and convincingly erred, or do we consider whether the court's sentence is "clearly and convincingly" shown to be against the weight of the evidence in the record? Some clarification on this issue is in order.
[9] This Court has previously indicated, in dicta, that the court's findings under R.C. 2929.14(E)(4) should be set forth in the judgment entry, or the imposition of consecutive sentences will be deemed reversible error. See State v. Lovely, Scioto App. No. 00CA2721, 2001-Ohio-2440; State v. Brice (Jun. 9, 1999), Lawrence App. No. 98CA24;State v. Volgares (May 17, 1999), Lawrence App. No. 98CA6. Other courts have held, however, that the transcript of the sentencing hearing may be consulted when determining whether the court complied with statutory sentencing procedures. See e.g. State v. Dawson, Miami App. No. 2001-CA-21, 2002-Ohio-110; State v. Leaks (Jun. 18, 2001), Richland App. No. 99CA68; State v. Harris (Jun. 7, 2001), Cuyahoga App. No. 78241. We agree that the statute does not expressly require that these findings to be set out in the judgment entry and that appellate courts may consult the sentencing hearing transcript to determine whether a trial court complied with the sentencing procedures.
[10] We parenthetically note that although scant evidentiary support can be found in the record on which to base a finding that the harm from the tampering offense is great and unusual, and it would be our preference to simply modify the sentence, the Ohio Supreme Court has indicated that cases should nevertheless be remanded to the trial court to allow for further explanation. See State v. Jones, 93 Ohio St.3d 391,399-400, 2001-Ohio-1341, 754 N.E.2d 1252. In so ruling, the Ohio Supreme Court did not mention that the Ohio General Assembly granted appellate courts the authority to increase, reduce or otherwise modify a sentence being appealed. See R.C. 2953.08(G)(2).