[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Following a jury trial, defendant-appellant, Larry Gentry, was convicted of abduction pursuant to R.C. 2905.02(A)(1). Subsequently, he entered guilty pleas to two counts of violating a protection order pursuant to R.C. 2919.27. The trial court sentenced him to four years' imprisonment on the abduction charge and to one year's imprisonment on each of the charges of violating a protection order, all to be served concurrently.
{¶ 3} Gentry presents three assignments of error. In his first assignment of error, he contends that the trial court erred in allowing the state to present evidence of his flight from the police. He contends that the evidence was not relevant. He further contends that even if the evidence was relevant, its probative value was substantially outweighed by the danger of unfair prejudice and that it should have been excluded under Evid.R. 403. This assignment of error is not well taken.
{¶ 4} Evidence of an accused's flight from justice is "indicative of a consciousness of guilt, and thus of guilt itself." State v. Eaton
(1969), 19 Ohio St.2d 145, 249 N.E.2d 897, vacated as to death penalty inEaton v. Ohio (1972), 408 U.S. 935, 92 S.Ct. 2857; In re Carter (1997),123 Ohio App.3d 532, 704 N.E.2d 625; State v. Stubblefield (Feb. 13, 1991), 1st Dist. No. C-890597. Further, the evidence of Gentry's flight was part of the immediate background of the alleged act that formed the foundation of the crime charged in the indictment. See State v.Wilkinson (1980), 64 Ohio St.2d 308, 415 N.E.2d 261. Consequently, the evidence of Gentry's flight from the police was relevant within the meaning of Evid.R. 401. See State v. Mann (1985), 19 Ohio St.3d 34,482 N.E.2d 592.
{¶ 5} Evid.R. 403(A) provides that evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The decision whether to admit or exclude relevant evidence under Evid.R. 403(A) rests within the discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343; State v. Hirsch
(1998), 129 Ohio App.3d 294, 717 N.E.2d 789.
{¶ 6} Generally, evidence of the accused's own actions cannot be unfairly prejudicial, so long as it is relevant to the essential elements of the offense. State v. Geasley (1993), 85 Ohio App.3d 360,619 N.E.2d 1086; State v. Bakst (1986), 30 Ohio App.3d 144,506 N.E.2d 1208. In this case, evidence of Gentry's flight from police was relevant to show his consciousness of guilt, and we cannot conclude that its probative value was substantially outweighed by the danger of unfair prejudice. See State v. Coulter (1992), 75 Ohio App.3d 219,598 N.E.2d 1324. The trial court's decision to admit the evidence was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144;Hirsch, supra; Coulter, supra. Accordingly, we overrule Gentry's first assignment of error.
{¶ 7} In his second assignment of error, Gentry contends that the trial court erred in overruling his Crim.R. 29 motion for a judgment of acquittal on the abduction charge. He also argues that the evidence was insufficient to support his conviction for abduction and that the conviction was against the manifest weight of the evidence.
{¶ 8} Gentry's claim that the trial court should have granted his Crim.R. 29 motion for a judgment of acquittal is the same as his claim that the evidence was insufficient to support the conviction. State v.Cedeno (Oct. 3, 1998), 1st Dist. No. C-970465. Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Gentry, without privilege to do so, had knowingly, by force or by threat, removed the victim from the place where she was found. Consequently, the evidence was sufficient to support his conviction for abduction pursuant to R.C. 2904.02(A)(1). See State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492; State v. Mason (Apr. 11, 2002), 10th Dist. No. 01AP-953; State v. Blumensaadt, 11th Dist. No. 2000-L- 107, 2001-Ohio-4317.
{¶ 9} Further, after reviewing the evidence, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Gentry's conviction and order a new trial. Therefore, the conviction was not against the manifest weight of the evidence. See State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio- 52,678 N.E.2d 541; State v. Allen (1990), 69 Ohio App.3d 366, 590 N.E.2d 1272. We overrule Gentry's second assignment of error.
{¶ 10} In his third assignment of error, Gentry contends that the trial court did not make the necessary findings to support the sentences imposed. Our review of the record shows that the trial court did make the necessary findings to support the imposition of a prison term for a third-degree felony on the abduction charge. See 2929.13(C). Further, the trial court made the findings required by R.C. 2929.14(C) to support the imposition of the maximum prison term for each of the convictions for violating a protection order. See R.C. 2929.14(C). The evidence supported those findings, and they were not contrary to law. See State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131; State v.Parsons (Nov. 26, 1999), 1st Dist. No. C-980900.
{¶ 11} However, the court did not make the findings required by R.C. 2929.14(B) for the imposition of more than the minimum prison term for both convictions, though the evidence would have supported those findings. See State v. Quandt (2001), 143 Ohio App.3d 570, 758 N.E.2d 719;State v. Yontz (1999), 135 Ohio App.3d 530, 734 N.E.2d 882. Further, the trial court failed to verbally inform Gentry at the sentencing hearing that he could be subject to post-release control and what the ramifications would be for violating a condition of post-case control, as required by R.C. 2929.19(B)(3). See State v. Hoffert, 1st Dist. No. C-020168, 2002-Ohio-6343; State v. Brown, 1st Dist. Nos. C-020162, 020163 and C- 020164, 2002-Ohio-5893. Consequently, while we affirm the findings of guilt, we vacate the sentences imposed for all three convictions and remand the case for resentencing.
{¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.