OPINION
{¶ 1} Audrey McConkey appeals from the judgment of the Ashtabula County Common Pleas Court, which convicted her of one count of assault on a peace officer, and one count of escape. We affirm.
 {¶ 2} On the evening of January 6, 2003, Officers William Felt and Aaron Greenberg of the Ashtabula City Police Department responded to a complaint from April Sopczak that her upstairs neighbor, appellant, was making a banging noise to harass Sopczak. The officers spoke with Sopczak, then went to appellant's apartment and spoke to her. When the officers spoke to appellant she seemed highly agitated — she was swearing and spit was flying from her mouth. Officer Felt advised appellant to avoid contact with Sopczak and let the situation "cool down."
 {¶ 3} The officers left the scene but traveled only about one block when they received another request to respond to the apartments. Sopczak had called the police to report appellant had threatened her.
 {¶ 4} The officers returned to the scene and spoke with Sopzack. They then went to appellant's apartment, where they found the door open. The officers entered appellant's apartment and advised her they were going to issue her a summons for menacing. Appellant became more irate, fell to the floor, began kicking the floor and pounding the floor with her fists. At this point the officers decided to arrest appellant because they believed they would only be called back to the apartments if they left her there. The officers handcuffed appellant behind her back and placed her in a chair while they awaited the arrival of someone to care for appellant's child.
 {¶ 5} While the officers waited, Officer Felt answered a telephone call to appellant's apartment. The caller was appellant's father who demanded to know what was going on. Officer Felt told appellant's father he could not discuss what was going on and hung up the telephone.
 {¶ 6} Because of the commotion, seven to ten people gathered outside the apartment door, taunted the officers, and tried to draw the officers into a fight.
 {¶ 7} During this commotion, appellant's father arrived and entered the apartment. Officer Felt told him not to come in but Mr. McConkey ignored Officer Felt's command, lowered his shoulder, and pushed his way into the room.
 {¶ 8} Officer Felt attempted to restrain Mr. McConkey but could not do so. Both officers then tried to take Mr. McConkey to the floor and Officer Greenberg put out an emergency call for assistance.
 {¶ 9} Other officers arrived and attempted to handcuff Mr. McConkey. While this group was wrestling on the floor with Mr. McConkey, Officer Felt heard a loud shriek or yell. He turned and saw appellant running at him. Other officers testified they saw appellant charging Officer Felt as if to kick him. Officer Felt raised his right foot and kicked appellant in the chest. She fell back onto the floor. Officer Greenberg went over to appellant who was standing up as if to make another charge and put her on the ground and told her to stay there. While this was happening the other officers were able to handcuff Mr. McConkey. Appellant then fled the apartment, went downstairs to Sopczak's apartment, and kicked the door in. Officer Parkomki chased appellant down and took her back into custody.
 {¶ 10} Appellant was subsequently indicted on one count of assault on a peace officer, R.C. 2903.13(A), and one count of escape, R.C. 2921.34(A)(1). Appellant pleaded not guilty and the matter proceeded to a jury trial. The jury convicted appellant on both counts. The trial court sentenced appellant to two years of community control sanctions. Appellant filed a timely appeal of her convictions.
 {¶ 11} Appellant's first assignment of error states, "The evidence at trial was against the manifest weight to convict appellant of assault on a peace officer."
 {¶ 12} We may find a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We exercise this discretionary power only in those exceptional cases where the evidence weighs heavily against conviction. Id.; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 13} R.C. 2903.13(A) provides, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." There is no dispute that appellant did not cause physical harm to Officer Felt when she charged at him. Appellant argues there is also no evidence to support the jury's conclusion that she attempted to cause physical harm to Officer Felt.
 {¶ 14} R.C. 2923.02(A) states, "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." This is the definition for "attempt."
 {¶ 15} Officer Felt testified appellant charged at him. Officer Greenberg testified appellant ran at Officer Felt as if to kick him. Officer Felt testified he feared for his personal safety. Appellant testified she merely approached Officer Felt to see what was happening to her father, and, without provocation, Officer Felt kicked her in the chest.
 {¶ 16} Officer Felt and Greenberg's testimony was consistent and established appellant attempted to cause physical harm to Officer Felt. Appellant made an overt act that appeared to the officers as an attempt to strike Officer Felt with some part of her body.
 {¶ 17} After reviewing the entire record, weighing the evidence, and considering the credibility of the witnesses, we cannot say the jury clearly lost its way when it found appellant guilty of assault. Appellant's first assignment of error is without merit.
 {¶ 18} Appellant's second assignment of error states, "The trial court erred to the prejudice of appellant by not dismissing [a] juror pursuant to R.C. 2945.29, who fell asleep during testimony at trial."
 {¶ 19} During trial, the following exchange took place:
 {¶ 20} "THE COURT: Do you want to give Juror Number Four a little nudge here?
 {¶ 21} "Do you need to get up and move around a little bit?"
 {¶ 22} The court then took a recess.
 {¶ 23} Appellant's counsel failed to move to excuse Juror Number Four, thus we review this assignment of error only for plain error. Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, 97.
 {¶ 24} In State v. Sanders, 92 Ohio St.3d 245,2001-Ohio-189, the Ohio Supreme Court addressed the issue of a sleeping juror. The Court held that a trial court has broad discretion in handling a situation where a juror has fallen asleep during testimony. Id. at 253. Considering a plain error argument such as that raised in the instant case, the Court held that in the absence of evidence the juror had missed large or critical portions of the trial, it was not plain error for the trial court to leave the juror on the panel. Id.
 {¶ 25} In the instant case, there is no evidence Juror Number Four had been asleep for a long period or that the juror missed critical testimony. The trial court judge was alert to the situation and took steps to immediately remedy the problem. Thus, we cannot say the trial court's failure to remove Juror Number Four constituted plain error. Appellant's second assignment of error is without merit.
 {¶ 26} Appellant's third assignment of error states, "Defendant-appellant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section X of the Ohio Constitution."
 {¶ 27} When we review an ineffective assistance claim, the benchmark is "[w]hether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."Strickland v. Washington (1984), 466 U.S. 668, 686. To prevail on a claim of ineffective assistance, appellant must show his counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id. at 687. Appellant must also show prejudice resulting from the deficient performance. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Appellant must show "* * * that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. We presume that counsel's conduct was within the wide range of reasonable professional assistance. Id. See, also,State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 28} Appellant raises four issues for our consideration under this assignment of error. She states her first issue as: "Whether the appellant was denied the effective assistance of counsel as provided by the U.S. Constitution and the Ohio Constitution by counsel's failure to file a motion to suppress evidence challenging the constitutionality of the arrest."
 {¶ 29} Appellant argues her trial counsel should have filed a motion to suppress because the officers made a warrantless entry into her home. We disagree.
 {¶ 30} Even had appellant's counsel filed such a motion, she has not shown the trial court would have granted the motion.State v. Lott (1990), 51 Ohio St.3d 160, 175. Officer Felt testified that when he and Officer Greenberg returned to appellant's apartment for the second time, the door was open, he reached around and knocked on the door, and appellant invited him in. While appellant testified the officers entered her apartment uninvited, we cannot say that the trial court would have granted appellant's motion. Therefore, appellant has failed to demonstrate a reasonable probability the outcome of the proceedings would have been different had her counsel filed a motion to suppress.
 {¶ 31} Appellant's second issue under this assignment of error is: "Whether the appellant was denied the effective assistance of counsel as provided by the U.S. Constitution and the Ohio Constitution by counsel's failure to request the jury instruction of the lesser included offense of disorderly conduct."
 {¶ 32} Even assuming disorderly conduct is a lesser included offense of assault,[1] appellant's defense at trial was total innocence. Thus, trial counsel's failure to request an instruction on disorderly conduct could have been trial strategy. See, State v. Griffie, 74 Ohio St.3d 332, 333, 1996-Ohio-71, (stating, "Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel.")
 {¶ 33} Appellant's third issue under this assignment of error is: "Whether appellant was denied the effective assistance of counsel as provided by the U.S. Constitution and the Ohio Constitution by counsel's failure to request the jury instruction of duress as a defense to escape."
 {¶ 34} Appellant testified she fled the house because she was afraid after watching the officers attempt to subdue her father. However, this evidence was contradicted by the state's evidence that appellant fled her apartment, ran down the stairs, and kicked in the door of Sopczak's apartment. While the evidence may have supported an instruction on duress, we cannot say appellant has demonstrated a reasonable probability the outcome of the trial would have been different if the trial court had given such an instruction.
 {¶ 35} Appellant's fourth issue under her third assignment of error is: "Whether the appellant was denied the effective assistance of counsel as provided by the U.S. Constitution and the Ohio Constitution by counsel's failure to object to the juror falling asleep and not being removed for disability."
 {¶ 36} As we discussed in our analysis of appellant's second assignment of error, appellant has failed to show Juror Number Four slept through large or important parts of the evidence. In fact, the record shows the trial court quickly noted and corrected the problem. Appellant has not demonstrated a reasonable probability the outcome of her trial would have been different had her counsel objected and moved to remove Juror Number Four.
 {¶ 37} Appellant's third assignment of error is without merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Ashtabula County Common Pleas Court is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] See, State v. Yontz (1999), 135 Ohio App.3d 530, 538-539
discussing split of authority on this question.